GEORGE F. JONES ET AL. v. JAMES D. CROWLEY.

1. If a deed be altered by the party to whom it belongs, even though in an immaterial part, such alteration will avoid the deed as a conveyance.

2. Whether an alteration in a deed was made before or after its execution and delivery is a question of fact for the jury, but the legal effect of such alteration is a question of law for the court.

In ejectment.    On rule to show cause.

Argued at June Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiffs, *John W. Wescott* and *Francis D. Weaver.*

For the defendant, *John F. Harned.*

The opinion of the court was delivered by

DEPUE, J.    This suit was brought to recover a lot of land situate in the city of Camden.    At a trial before the Circuit it resulted in a verdict for the plaintiffs, on which a rule to show cause why a new trial should not be allowed was granted.

The plaintiffs claimed title as heirs-at-law of Margaret F. Jones, deceased.    Mrs. Jones derived her title under a deed to her made by Thomas Brown, dated March 27th, 1863, acknowledged and recorded the same day.    The plaintiffs, as part of their chain of title, offered a certified copy of a deed purporting to have been made by James D. Crowley to one Thomas Brown.    This deed was dated and acknowledged September 1st, 1852.    It was left in the clerk's office for record March 27th, 1863.    This deed not having been recorded within ten years after its date, neither the record of the recording nor a certified copy thereof was competent evidence.    *Rev., p.* 156, § 15.    The original deed was then produced, and on its face plainly showed an alteration by the erasure of the middle letter of the name of the grantee.

To identify the defendant as the grantor in the last-mentioned deed, the plaintiffs called the defendant as a witness. On cross-examination he testified that there were two persons of the name of Thomas Brown—Thomas H. Brown, a young man whose employment was that of clerk, and his uncle, Thomas Brown, who kept a shoe store in Philadelphia; that the conveyance was to the former, and that the deed when delivered had in it the name of Thomas H. Brown as grantee.

Both the Browns are dead, the young man having died shortly after the deed was made. The testimony of the defendant was uncontradicted, and had some confirmation in the circumstances attending the transaction. In the deed the grantee is described as clerk, a description which applied to Thomas H. Brown, and was inapplicable to the other Brown. It was withheld from record for upwards of ten years, and was recorded contemporaneously with the deed from Thomas Brown to Mrs. Jones. There was proof of slight acts of possession by Mrs. Jones in 1865, in planting peanuts and potatoes upon the lot which was then unenclosed. In 1871 the defendant took possession and enclosed the lot, and there is evidence that it has been in his possession since that time; at least, after that date there does not appear to have been any possession under the Jones title. On this evidence we think the learned judge's instruction on this head was erroneous. The instruction to the jury was as follows: "It is a pure question of fact, and not of law, whether Thomas Brown—alteration or no alteration—existed, had identity and had that document delivered to him with the intention to pass the title of Mr. Crowley." Whether the alteration was made before or after the execution and delivery of the deed was a question of fact for the jury, but the legal effect of an alteration was a question of law for the court. This instruction ignores the legal effect of the alteration of a deed by the grantee or those in privity of title with him after its delivery. Whatever may be the rule in other jurisdictions, the law is settled in this state that if a deed be altered by the party to whom it belongs, even though in an immaterial part, such

alteration avoids the deed as a conveyance. It was so decided by this court, as early as the year 1824, in *Den* v. *Wright*, 2 *Halst.* 175. This decision was approved, in 1833, in *Van Auken* v. *Hornbeck*, 2 *Gr.* 178, and more recently, in 1871, in *Hunt* v. *Gray*, 6 *Vroom* 227. In the case last cited Chief Justice Beasley says : " The reasons for this rule are obvious and of the most solid character. In its absence the inducement to fraud would be very strong, and public policy requires that, in the language of Lord Kenyon, 'No man shall be permitted to take the chance of committing a fraud without running any risk of losing by the event when it is detected.' Even immaterial alterations are fatal, as the rule to be efficacious cannot permit a person to tamper in any degree with the written contract of another in his possession."

The legal presumption is that the deed came into the possession of the grantee when it was executed, and, in the absence of explanatory proof, that it remained in his possession until delivered for record in 1863, contemporaneously with the deed from Brown to Mrs. Jones. Hence, it would be inferred that if the deed was altered after it was delivered, the alteration was made by Brown or some one in privity with him. And if it be assumed that Brown, the grantor of Mrs. Jones, was the person to whom the Crowley deed was delivered with the intention to pass the title to him, nevertheless such an alteration in the deed avoided it and rendered it null as an instrument of conveyance.

The verdict should be set aside.