Schmidt *v.* Quinzel.

CHRISTOPHER A. SCHMIDT et ux., appellants,

*v.*

CHARLES QUINZEL, respondent.

1. An auctioneer employed to sell land cannot bind the vendors by a memorandum signed by him some time after the sale and after his authority has been revoked by the vendors to the knowledge of the vendee.

2. An alteration made by a vendee in a memorandum of sale after it has been signed, by which, if valid, its scope as evidence against the vendors would be enlarged, is a material alteration, and annuls the instrument as a contract and as evidence in favor of the vendee.

On appeal from a decree in *Schmidt et ux.* v. *Quinzel,* advised by Frederic Adams, advisory master.

*Mr. Frank Bradner,* for the appellants.

*Mr. Walter M. Lyon,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

The following circumstances may be assumed in this case: That Christopher August Schmidt and Elizabeth, his wife, were the owners of premises No. 191 Magazine street, in the city of Newark; that Mr. Schmidt, with his wife's assent, authorized Hildebrandt, an auctioneer, to sell the premises at auction, and that on July 24th, 1895, the auctioneer accordingly sold the

same to Charles Quinzel; that on July 25th, 1895, the auctioneer and Quinzel met in a lawyer's office and signed a writing, of which the following is a copy:

"Received at Newark, N. J., July 25, 1895, from Charles Quinzel one hundred dollars as the first payment for purchase of premises known as No. 191 Magazine street, in the city of Newark, N. J., purchased by him from Schmidt, upon the following terms: [terms stated].

"M. HILDEBRANDT,        [L. S.]
"*Auctioneer & Agt.*
"CHARLES QUINZEL.        [L. S.]"

It is also proved that when this writing was signed the auctioneer believed Mr. Schmidt to be the sole owner of the property, regarded himself as the agent of Mr. Schmidt alone, and signed the writing solely on his behalf.

Shortly afterwards, Mr. and Mrs. Schmidt, in the presence of Mr. Quinzel, declared that the auctioneer had violated his instructions as to the price at which he was to sell, and had not made a fair sale, and, on being asked by Quinzel to execute a conveyance, they repudiated the transaction. Thereupon, in August, 1895, Quinzel filed a bill for specific performance against Mr. Schmidt alone, but, subsequently, on his counsel learning that the title was in both husband and wife, that suit was discontinued.

In November, 1895, Quinzel and the auctioneer met in the office of Quinzel's attorney, and then the attorney wrote in the blank which had been left in the body of the instrument, before the word "Schmidt," the words "Christopher and Elizabeth," and the auctioneer, at the instance of the attorney, wrote at the foot of the instrument, immediately above his own signature, the words "Christopher August and Elizabeth Schmidt." That being done, the present bill was filed against Mr. and Mrs. Schmidt for specific performance.

The defendants' answer having denied the existence of a contract, it devolved upon the complainant to establish its existence by some memorandum or note thereof, in writing, signed by the defendants or some other person by them thereunto lawfully authorized, as required by section 5 of our statute of frauds. *Gen. Stat. p. 1602.*

Conceding that the auctioneer was at one time the agent of the defendants to sign such a memorandum or note, and that his authority to sign for them, the vendors, was not confined to the time of sale, yet it is indisputable on the facts stated that, before the making of this present writing in November, his authority had been actually revoked by the defendants, and the fact of revocation had been made known to the complainant. The agency had therefore wholly ceased. *Browne St. Fr.* § *353 ; 3 Am. & Eng. Encycl. L.* (*2d ed.*) *491 ; Williams* v. *Evans, L. R. 1 Q. B. 352.*

We must therefore recur to the instrument as originally signed to consider whether that is legitimate evidence of a contract such as the complainant seeks to have enforced.

When that writing was signed the auctioneer intended to act as the agent of Mr. Schmidt alone, and to bind only him. Whether, in view of this fact, parol evidence would have been competent to show that Mrs. Schmidt also had concurred in authorizing him to act as auctioneer, and so to charge her in a transaction by which the agent had not intended to bind her, and had intended to bind, and had had authority to bind, a different principal, is a question which admits of some doubt. But, supposing such proof might have been received to supplement the writing, the alteration made in the instrument by the complainant's agent and at his request, in November, was certainly a material one. When signed, the writing did not indicate that Mrs. Schmidt was to be bound by it as a vendor, nor did the auctioneer then intend that the blank left in it should be so filled as to afford such an indication. But when the names of both defendants had been inserted in the blank and affixed at the foot, the writing became, if valid, the complete memorandum, under the statute of frauds, to establish the fact that they both were vendors. The alteration considerably enlarged the scope of the instrument as a means of evidence, and therefore was a material one. Having been made by the other party, the complainant, it annulled the instrument as a contract, or as evidence of a contract, in his favor. *Hunt* v. *Gray, 6 Vr. 227 ; Jones* v. *Crowley, 28 Vr. 222.*

Our conclusion is that neither the writing made in July nor that made in November furnishes such evidence of the agreement as the statute of frauds requires.

In the foregoing, it may seem to have been assumed that, if the contract had been duly proved, it would have been enforced against the estate of the married woman. But it is not the design of the court even to suggest any opinion on the question whether, when the obligation of a married woman to convey her lands arises merely out of her contract, a court of equity will compel her to perform it.

The decree in favor of the complainant should be reversed and his bill dismissed.

*For reversal*—COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, BOGERT, HENDRICKSON, NIXON—11.

*For affirmance*—None.