ALEXANDER MCCLINTOCK ET AL. V. STATE BANK OF TABLE ROCK.

FILED JUNE 15, 1897.  No. 7353.

1. **Depositions: CAPTIONS.** The caption of a deposition may be read in connection with the certificate at the end thereof for the purpose of determining whether the deposition discloses that it was taken at the time and place and before the officer mentioned in the notice.

2. **Alteration of Instruments: BURDEN OF PROOF.** Where the defense to a suit on a promissory note is that the same had been materially altered after its execution and delivery,—the note itself not disclosing any evidence of such alteration,—the burden of proof is upon the party alleging such alteration to establish the same by a preponderance of the evidence.

ERROR from the district court of Pawnee county. Tried below before BABCOCK, J. *Affirmed.*

*Lindsay & Raper*, for plaintiffs in error.

*Story & Story, contra.*

RAGAN, C.

Suit by an indorsee of a promissory note against the makers. Defense that the note, after execution and delivery, without the knowledge and consent of the makers, was materially altered by inserting in blanks therein the

figures "10" and the word "date," making the note, which drew no interest when executed, draw interest at the rate of ten per cent per annum from date.   Verdict and judgment for the indorsee, and the makers prosecute error.

1. The first assignment is that the court erred in not suppressing certain depositions taken and read on the trial in behalf of the plaintiff below.   By the notice to take depositions served on the defendants below they were informed that, at a certain time and place, the depositions of certain named witnesses would be taken before A. M. Keyes, a notary public of Furnas county, Nebraska.   It is now insisted that the certificate of Keyes attached to the depositions taken does not disclose that he was a notary public of said county and state, and that the certificate does not show in what county or state he was holding and exercising the office of notary public. This assignment of error is entirely without merit.   At the end of the depositions is the following:

"I, A. M. Keyes, a notary public, duly appointed,   *   * do hereby certify   *   *   *   that the depositions   *   * subscribed as above set forth   *   *   *   were reduced to writing by me, and in the presence of the witnesses respectively, and were respectively subscribed by the said witnesses in my presence, and were taken at the office of A. M. Keyes, attorney at law, in the city of Cambridge, Furnas county, Nebraska, at the time and the place and annexed notice specified.   *   *   *

"In testimony whereof, I have hereunto set my hand and official seal, at Cambridge, Furnas county, Nebraska, this 24th day of October, 1893.

"[SEAL.]                    A. M. KEYES, *Notary Public.*

"A. M. Keyes' notarial seal.   Commission expires November 15th, 1899.   Furnas county, Nebraska."

We think this certificate shows that the depositions objected to were taken before A. M. Keyes, a notary public in and for Furnas county, Nebraska; and in addition to this recital at the end of the depositions, the caption to the depositions, after setting out the title of the

case in which the depositions were to be read, recites: "Depositions taken of sundry witnesses before me, a notary public duly appointed * * * and residing in the county of Furnas, state of Nebraska, etc." We think this caption should be read in connection with what is denominated "certificate," at the end of the depositions for the purpose of determining whether the depositions disclosed that they were taken at the time and place and before the officer mentioned in the notice served.

2. Another objection urged against the depositions is that, while they disclose when the taking of testimony began, they do not disclose when, if ever, the taking of the depositions was finished. This objection is also without merit. The defendants below were notified that the depositions would be taken on Tuesday, the 24th day of October, 1893. The officer who took the depositions certifies that on that day, at the place mentioned in the notice, and before the officer mentioned in the notice, and between the hours specified in the notice, he took the depositions of the witnesses named. It is true that he does not certify at what hour in the day he began taking the testimony, nor at what hour he closed, but it was not necessary that he should so certify, and it does not appear that any of the depositions were taken at any other time than on the said 24th of October.

3. The third assignment of error is that the court erred in instructing the jury as follows: "The court instructs the jury that if the note in controversy on its face does not show any evidence of having been altered as charged by defendants in their answer, then the burden of proof is upon the defendants to show such alteration by a preponderance of the testimony." The court did not err in giving this instruction. The note in suit did not bear upon its face any evidence whatever of having ever been altered. The defense, and the only defense interposed by the defendants to the action, was the alleged alteration of the note. Whether such alteration had been made, when, and by whom, and with what motive, were

questions of fact for the jury, and the burden of showing that the alteration had been made as alleged was upon the defendants. (*Odell v. Gallup*, 17 N. W. Rep. [Ia.], 502; *Dorsey v. Conrad*, 49 Neb., 443.)

There are no other errors assigned which require consideration. The judgment of the district court is right and is

AFFIRMED.