### FIRST NAT. BANK OF SHENANDOAH v. LIEWER.

(Circuit Court of Appeals, Eighth Circuit. April 29, 1911.)

No. 3,430.

*(Syllabus by the Court.)*

1. ALTERATION OF INSTRUMENTS (§ 27*)—BILLS AND NOTES—BURDEN OF PROOF.
    Where an innocent purchaser for value before maturity holds commercial paper that is fair on its face, and that gives no indication of any modification by interlineation or otherwise, the burden is on the maker to prove any alteration that he claims was made subsequent to the execution of the note.
    [Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 230–247; Dec. Dig. § 27.*]

2. COURTS (§§ 360, 361, 372*)—NATIONAL COURTS MUST EXERCISE INDEPENDENT JUDGMENTS UPON—STATE DECISIONS NOT CONTROLLING.
    It is the duty of the national courts to exercise their independent judgments in the determination of all questions of general commercial law, of general jurisprudence, and of right under the Constitution and laws

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the United States, although the decisions of state courts may not accord with them.

[Ed. Note.—For other cases, see Courts, Dec. Dig. §§ 360, 361, 372.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

**3.** ALTERATION OF INSTRUMENTS (§ 28*)—EVIDENCE OF CONDITION SUBSEQUENT TO SIGNING COMPETENT.

On the issue of alteration of a promissory note after it was signed by the maker, proof had been made that the plaintiff was an innocent purchaser for value before maturity, the defendant had testified that the note was materially changed after he signed it, and the agent of the payee who took the note had testified that it was in the same condition when the defendant signed it that it was at the trial.

*Held*, the testimony of the secretary of the payee that he received the note by mail from the agent a few days after it was dated, and that it was then in its condition at the trial, was competent and material, and should have been admitted in evidence.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 248–258; Dec. Dig. § 28;* Evidence, Cent. Dig. §§ 1900–1902.]

In Error to the Circuit Court of the United States for the District of Nebraska.

Action by the First National Bank of Shenandoah against Nickolas Liewer. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Emmet Tinley (Earl R. Ferguson and W. F. Mitchell, on the brief), for plaintiff in error.

Frederick S. Berry, for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. The First National Bank of Shenandoah, Iowa, brought an action against Nickolas Liewer for $2,400.00 and alleged in its petition that on September 6, 1907, he made and delivered to the Wonder Stock Powder Company, a corporation, his promissory note, whereby he agreed to pay to the order of that company on January 1, 1908, $2,400.00 and interest, and that before the note matured the bank in good faith discounted it, and the powder company indorsed and transferred it for value to the bank. Liewer, the defendant below, answered (1) that he never signed the note; and (2) that, if he ever did, it was a note for $24.00, and that it had been subsequently changed to a note for $2,400.00. The issues thus made were tried by a jury, which returned a verdict for the defendant.

At the close of the trial the defendant had testified that his signature to the note was genuine, and that fact was conclusively established. The note was fair on its face. There were no interlineations, insertions, or indications of alterations upon it; but the defendant had testified that it was for only $24.00 when he signed it, and that it had been subsequently so changed as to make it a note for $2,400.00. The agent who took the note from the defendant for the powder company had testified that he wrote it, and that it was for $2,400.00 when the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant signed and he received it. There was conclusive proof that the bank was a bona fide purchaser of the note for value before maturity without notice of any defense to it. The court charged the jury that the only issue for them to determine was whether or not the note was altered from one for $24.00 to one for $2,400.00 after the defendant signed it. The bank requested the court to charge the jury that upon this issue the burden of proof was upon the defendant. It declined to do so, and instructed them that this burden was upon the plaintiff, and this ruling is assigned as error. The assignment is well made.

[1] Where an innocent purchaser for value before maturity holds commercial paper that is fair on its face, and that gives no indications of any modification by interlineation or otherwise, the burden is on the maker to prove any alteration which he claims was made subsequent to its execution by him. United States v. Linn, 1 How. 104, 111, 112, 11 L. Ed. 64; Smith v. United States, 69 U. S. 219, 231, 232, 17 L. Ed. 788; Sturm v. Boker, 150 U. S. 312, 340, 14 Sup. Ct. 99, 37 L. Ed. 1093; Murray v. Lardner, 2 Wall. 110, 121, 17 L. Ed. 857; Wilson v. Hayes, 40 Minn. 531, 536, 537, 42 N. W. 467, 4 L. R. A. 196, 12 Am. St. Rep. 754; Hagan v. Merchants', etc., Ins. Co., 81 Iowa, 321, 329, 330, 46 N. W. 1114, 25 Am. St. Rep. 493; Colby v. Foxworthy, 80 Neb. 239, 114 N. W. 174; McClintock v. State Bank of Table Rock, 52 Neb. 130, 132, 71 N. W. 978.

It is true that the Supreme Court of Nebraska, the state in which this note was made, has held that, when the issue of alteration or not after signing arises under a general denial of the making of the note and nothing more in the answer, the burden is upon the plaintiff (Ohio National Bank v. Gill Bros., 85 Neb. 718, 124 N. W. 152, 153; Bothell v. Miller, 87 Neb. 835, 128 N. W. 628, 629), and that when it arises under an allegation in the answer of alteration after the signing the burden is on the defendant (McClintock v. State Bank of Table Rock, 52 Neb. 130, 132, 71 N. W. 978). Even under this rule, the burden seems to have been on the defendant at the close of the trial in the case at bar, because by his answer he had made two issues: (1) Whether his purported signature upon the alleged promissory note, which was set out in full in the petition, was his genuine signature, or was a forgery, for to this issue his answer restricted his first defense, and that issue had been conclusively determined by his sworn admission and other evidence; and (2) whether or not the averments in his second defense that the note was altered after he signed it were true.

But the issue of law here presented is broader than a mere question of pleading or practice. It presents a question of general commercial law. Its decision conditions the immunity of commercial paper in the hands of innocent purchasers from successful attack on account of the equities of prior parties to it; for in the last analysis it is the rules of evidence, and these alone, that protect and sustain that immunity.

[2] And it is the duty of the national courts to exercise their independent judgments in determining all questions of general commercial law, of general jurisprudence, and of right under the Constitution and laws of the United States. They are not controlled by the deci-

sions of state courts on questions of general commercial law. Railroad Company v. National Bank, 102 U. S. 14, 57, 26 L. Ed. 61; H. Scherer & Co. v. Everest, 94 C. C. A. 346, 355–6, 168 Fed. 822, 831, 832; Railroad Company v. Lockwood, 17 Wall. 357, 368, 21 L. Ed. 627; Myrick v. Railroad Co., 107 U. S. 102, 1 Sup. Ct. 425, 27 L. Ed. 325; Carpenter v. Insurance Co., 16 Pet. 495, 511, 10 L. Ed. 1044; Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Burgess v. Seligman, 107 U. S. 20, 33, 2 Sup. Ct. 10, 27 L. Ed. 359; Smith v. Alabama, 124 U. S. 465, 478, 8 Sup. Ct. 564, 31 L. Ed. 508; Bucher v. Railroad Co., 125 U. S. 555, 583, 8 Sup. Ct. 974, 31 L. Ed. 795; Liverpool & G. W. Steam Co. v. Phenix Insurance Co., 129 U. S. 397, 443, 9 Sup. Ct. 469, 32 L. Ed. 788. Mr. Justice Clifford said, in Railroad Company v. National Bank, 102 U. S. 14, 57, 26 L. Ed. 61, more than 30 years ago:

"Transactions of a commercial character extend throughout the civilized world, and it is well known that they are chiefly conducted through the medium of bills of exchange and other negotiable instruments. Uniformity of decision is a matter of great public convenience and universal necessity, acknowledged by all commercial nations. Should this court adopt a principle of decision which, when carried into effect, would establish as many different rules for the determination of commercial controversies as there are states in the Union, it would justly be considered a public calamity, as it must necessarily depreciate our negotiable securities in all the foreign markets of the world where our merchants have commercial transactions."

When the fact is established by the admission of the maker, or by other conclusive evidence, that he signed a promissory note fair on its face, which is owned by an innocent purchaser for value, the legal presumption arises under both the commercial and the criminal law that no one wrongfully changed it after it was signed; for all men are presumed to be innocent until they are proved to be guilty, and that the maker is bound by his obligation as it reads. This presumption is not, and it ought not to be, reversed by the mere fact that a defendant, who claims that his note was fraudulently altered after he signed it, presents that issue under a general denial that he made it, instead of presenting it under an admission of the fact that he signed it and an averment that some one afterwards wrongfully changed it. This was the holding of the Supreme Court in United States v. Linn, 1 How. 104, 111, 112, 11 L. Ed. 64, where there were three counts on the same instrument, an answer of non est factum to the first, and pleas that the seals were attached after the signing to the second and third, and that court held that the burden was on the defendants to prove any alteration, made subsequent to the signing, which was not obvious upon the face of the instrument. It is, perhaps, even more important that the rule on this subject should be certain and uniform than it is that it should be right; for it would be intolerable that rules of commercial law like this in question, conditioning the character and value of commercial paper, should differ in different states, so that purchasers would be compelled to search the statutes and decisions therein before they could safely buy it in reliance upon its immunity from attack on account of the equities between prior parties. And the only hope of such certainty and uniformity lies in following and enforcing the rules laid

down by the Supreme Court. The court below should have given the instruction, requested by the plaintiff, that the burden was on the defendant to prove the alteration.

[3] There was another error in the trial of this case. After the defendant had testified that the word "hundred" was written into the note, and that ciphers were added to the "$24" therein, so as to make it "$2,400.00," after he signed it, and the agent of the powder company who wrote and took the note had testified to the contrary, the clerk and secretary of the powder company was called and sworn, and the defendant offered to prove by him that he received the note by mail from the agent who took it shortly after its date, and that it was in the same condition then that it was at the time of the trial. This offered evidence the court excluded. The issue tendered by the second defense pleaded in the answer was not whether or not the agent who took the note altered it, but whether or not any one altered it after it was signed; and the testimony of every one into whose hands it came after it was made that it was in its present condition when he first saw it was competent and material. The court should have received the offered evidence.

The judgment below must therefore be reversed, and the case must be remanded to the court below, with instructions to grant a new trial; and it is so ordered.