————o————

## No. 6193.

## EDWARD V. THOMAS vs. NYLKA LAND COMPANY.

### Syllabus.

The sale of real estate for taxes advertised as the property of "Widow Nathan Hart" who never owned it, is void, when the real estate was assessed at the date of assessment in the name of its owner "Widow Matthew Hare," and belonged at the date of sale to some one else.

A purchaser in good faith at tax sale owes rents and interest thereon only from the date of suit against him, and is entitled to recover from the plaintiff the price paid by him with 20 per cent. and all taxes paid by him for years anterior to his purchase and for years for which he is charged with rents, and the sum paid by him for repairs, improvements and other necessary expenses incurred by him, and interest thereon, but not for insurance.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 100,835. Honorable F. D. King, Judge.

George J. Untereiner, for plaintiff and appellant.

Foster, Milling, Brian & Saal, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a petitory action to annul a tax sale and to recover a lot of ground purchased by defendant at said tax sale.

Citation was served June 10th, 1912.

Plaintiff avers that at a sale made December 16th, 1907, by the City of New Orleans to enforce payment of taxes due to said city for the year 1905 by "Widow Matthew Hart" he purchased a property corner Perdido and Rocheblave Streets; that an act of sale for the same was passed before Wm. V. Seeber, notary, on December 5th, 1908, and registered in the Conveyance Office on February 2nd, 1909.

That the defendant, the Nylka Land Company, has taken possession of said property and claims to be the owner of it for having purchased it for the price of $42.15 at a sale made June 14th, 1909, by the City of New Orleans to enforce the payment of taxes due to said City for the year 1906 by "Widow Nathan Hart," for which it has an act of sale passed before Robert Legier, notary, on September 30th, 1909, registered in the Conveyance Office on the same day.

That said tax sale under which defendant company claims is null and void for the following reasons, viz:

— 65 —

1st. Because the name under which the property was advertised for sale was different from that in which the property was assessed, and,

2nd. Because no notice of sale for the tax of 1906 was ever served upon him.

And plaintiff prays to be recognized as owner of said property and for rents from September 30th, 1909.

Defendant asserts the validity of its own tax title, and alleges that legal notice of sale had been served upon the owner through Mrs. Spano, one of the heirs of Matthew or Nathan Hart, the former owner of said property for the tax sale for the taxes of 1906; it denies that plaintiff has any right in said property, and alleges that his tax title is a nullity because no notice of sale for taxes of 1905 was ever served upon the owners of said property.

There was judgment for defendant and plaintiff has appealed.

The burden of showing a better title rests upon the plaintiff.

115 La., 576; 116 La., 262.

He must recover upon the strength of his own title and not upon the weakness of defendant's.

2 H. D., 1115, No. 2; 118 La., 196, 649; 121 La., 666, 700; 125 La., 339.

It is not denied that the original owner of said property was "Matthew Hart," and at his death his widow and heirs.

The assessment in the name of "Widow Matthew Hart" was therefore valid.

52 A., 187.

The property was assessed for the year 1905 in the name of "Widow Matthew Hart." See tax certificate.

As the tax of that year was unpaid, a notice of sale was issued addressed to "Widow Matthew Hart" and served at her domicile, at the property assessed, on Mrs. Spano on April 29th, 1907; the property was advertised for sale for December 16th, 1907, in that name, and adjudicated to Edward Thomas, as appears by an act of sale before Wm. V. Seeber, notary, dated December 5th, 1908, registered February 2nd, 1909.

This is apparently a good and perfect title, giving the plaintiff a standing in Court, and refuting defendant's charge of want of notice of sale.

It is questionable, however, whether this question of notice is not personal to the owner of the property, and inasmuch as defendant was neither owner nor creditor in 1906 whether he has any interest in it at all.

As much cannot be said of defendant's title.

The property was assessed for the year 1906 in the name of "Widow Matthew Hart." The notice issued to "Wid. Nathan Hart."

The property was advertised in the name of "Hart., Wid. Nathan," and was adjudicated in that name to the defendant company, which received a proces verbal of sale in that name, by an act before Robert Legier, notary, dated September 30th, 1909, registered on same day.

It is evident that the notice to "Wid. Nathan Hart" was not a notice to "Wid. Matthew Hart," and was misleading. The best evidence is that the name was further changed into "Nathan" in the advertisement. The law requires not only that the notice shall issue to the owner, but that it shall be advertised in that name.

> Act 170 of 1898, Sec. 53, p. 372; Quaker Realty
> Co. vs. Guilbilati, 66 So. Rep., 395, 396; 105
> La., 357; 114 La., 9; 115 La., 147; 118 La., 98,

588; 120 La., 1032; 130 La., 2121, 933; 128 La., 241; 52 A., 1156 (1159); 30 A., 871 (875); Workingmens' Bank vs. Lannes, 33 A., 520 (527); Stafford vs. Twitchell, 12 A., 748.

We conclude, therefore, that the advertisement of sale in the name of "Widow Nathan Hart" was void for error in the name, and not sufficient to transfer a legal title.

The defendant was a purchaser in good faith. It is entitled to keep, as its own, the rents up to the time of the claim for restitution against it.

C. C., 3453, 502, 503, 508; 117 La., 765 (766); 106 La., 234.

It owes rent therefore only from the date of the service of citation upon it, say June 10th, 1912, with interest.

52 A., 244; 47 A., 1243.

The defendant is entitled to recover against the plaintiff the following amounts, viz:

1st. The price paid by it including costs and twenty per cent thereon.

Const. Art. 233, and interest, 106 La., 235.

2nd. The amount of all taxes paid by it for years anterior to its purchase, and for those years for which it is charged with rents. For those years for which it is not charged with rents, the taxes are compensated by the rents.

123 La., 21; 44 A., 74, 76.

3rd. The amount of money spent by it for repairs and improvements and other necessary expenses which have enured to the benefit of the property or owner.

C. C., 3453 (3416); 44 A., 74; 48 A., 992; 50 A., 735; and interest 106 La., 235.

But the defendant is not entitled to be reimbursed for amounts spent for insurance against fire, nor for amounts paid to a former owner for a quit claim, which could only enure to its own benefit.

It is therefore ordered, that the judgment appealed from be reversed, and that the title of the plaintiff herein, Edward V. Thomas, represented by an act before Wm. V. Seeber, notary, dated December 5th, 1908, be declared valid, and accordingly that the said Edward V. Thomas be recognized as the owner of the property described herein, viz:

A certain lot of ground with improvements thereon, situated in the First District of the City of New Orleans in square No. 575, bounded by Perdido, Rocheblave, Gravier and Dorgenois Streets, designated as lot No. 11 and measuring 31' 5'' front on Perdido Street by 120' deep and front on Rocheblave Street, of which it forms the corner, with the improvements thereon designated by the Nos. 2501-2503 Perdido Street.

And that he be put in possession thereof after payment to the defendant of the amount of taxes and expenditures allowed it by this judgment.

It is further ordered that the title of the defendant herein, the Nylka Land Company, to the property hereabove described, represented by an act before Robert Legier, Notary, dated September 30, 1909, registered in the Conveyance Office Book 225, p. 782, be declared null and void and that the registry thereof in the Conveyance Office be cancelled.

It is further ordered that there be judgment condemning the defendant, the Nylka Land Company, to pay to the said Edward V. Thomas the rents of the property above described at the rate of fourteen dollars per month from June 10th, 1912, until it shall have surrendered the

possession of said property to the plaintiff, with legal interest from the date the same became due, less 10 per cent collection charges, and subject, however, to the following credits, viz:

1st. The sum of $43.15 with 5 per cent per annum interest from June 10th, 1912, till paid and 20 per cent on said $43.15.

2nd. The sums of $99.66, and $29.06 and $38.50 for repairs and necessary disbursements, and such other repairs and disbursements as the defendant may have made and may make until it delivers possession of the property with legal interest from date of disbursements; and,

3rd. The City and State taxes for the years 1907, 1909 and 1912, and such subsequent years as it may have paid, or may pay, until it delivers possession, with legal interest from date of payment.

It is ordered that the defendant pay the costs in both Courts.

Opinion and decree, January 5th, 1915.

### On Application for Rehearing.

### Per Curiam.

The defendant was allowed a credit of $43.15 with five per cent interest from June 10th, 1912, and twenty per cent penalty.

He complains that he should have been allowed 10 per cent per annum interest instead of five per cent.

We find that it is correct. But inasmuch as it was not entitled to the twenty per cent penalty (due only in case of redemption) the judgment gives it in the aggregate

more than it is entitled to, so that it has no cause of complaint.

Rehearing refused.

Opinion and decree, February 1, 1915.

Writ denied, March 9, 1915.