## NORTH PHILADELPHIA TRUST CO. v. SMITH.

(Circuit Court of Appeals, Third Circuit.
June 30, 1926.)

No. 3463.

**1. Alteration of instruments ⊚═6, 20.**

Alteration changing place of payment of note is material one, which under Negotiable Instrument Act N. J. §§ 124, 125 (3 Comp. St. 1910, p. 3749), invalidates instrument.

**2. Courts ⊚═107.**

Decisions of state court before enactment of statute will not be held to have interpreted its provisions.

**3. Courts ⊚═370.**

Where courts of state have not construed its statute as to negotiable instruments, case in federal court is governed by general law of state on subject.

**4. Courts ⊚═365.**

Supreme Court of New Jersey, although not highest court of state, is of such standing as to compel United States courts to follow its announcements.

**5. Alteration of instruments ⊚═24(1).**

Note which had been altered by changing place of payment *held* properly admitted in evidence, in view of New Jersey law placing burden on defendant to establish alteration subsequent to execution.

**6. Alteration of instruments ⊚═30.**

Question of whether defendant had proved alteration of note subsequent to execution, under New Jersey rule placing burden on him, is for jury.

**7. Trial ⊚═177.**

Motion for directed verdict by both parties does not require court to direct verdict, and it may submit facts to jury, in view of Rev. St. §§ 649, 700 (Comp. St. §§ 1587; 1668).

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit by the North Philadelphia Trust Company against Monroe B. Smith. Judgment for plaintiff, and defendant brings error. Affirmed.

James Mercer Davis, of Camden, N. J., for plaintiff in error.

Lewis Starr, of Camden, N. J., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and GIBSON, District Judge.

WOOLLEY, Circuit Judge. [1] The executor of the payee of three promissory notes brought this suit against the maker. The defendant by his answer set up the defenses that he did not make the first two notes, that those notes lacked consideration, and that, anyway, he had paid all three. The plaintiff had a verdict for the total amount and to the judgment which followed the defendant has directed this writ, filing many assignments specifying error in the court's rulings on evidence and in its charge to the jury, of which only two assignments call for discussion. Both relate to the refusal of the court to grant the defendant's motion for binding instructions, although one arose preliminarily in a ruling on evidence. This concerned the third note which, when offered in evidence, showed an alteration made by a line drawn through the words "Farmers' Trust Company," the place of payment. Certainly an alteration which changes the place of payment is material, and, concededly, "where a negotiable instrument is materially altered, without the assent of all parties liable thereon, it is void," under sections 124 and 125 of the Negotiable Instrument Act of New Jersey (3 Comp. Stat. p. 3749).

[2] Immediately on the plaintiff's offer of this note in evidence there arose the question whether the alteration, being apparent, was made before or after its execution. Concurrently with this question arose another which concerned the admissibility of the note in evidence in its altered state, and this turned on still another, namely, whether a note, confessedly void if altered after execution without the maker's assent, can be received in evidence unless the holder has first removed the blemish by proving the alteration before execution or after execution with the maker's assent. The defendant resisted the admission of the note in evidence not accompanied with testimony by the plaintiff that the alteration was lawfully made, under authority of a line of decisions by courts in Pennsylvania where there is a like negotiable instrument act (Pa. St. 1920, § 15982 et seq.), all of which, our examination discloses, were rendered before the enactment of that statute and therefore none of them interpreted its provisions. Simpson v. Stackhouse, 9 Pa. 186, 49 Am.

Dec. 554; Hill v. Cooley, 46 Pa. 259; Hartley v. Corboy, 150 Pa. 23, 24 A. 295.

On an entirely opposite contention made by the plaintiff and based on New Jersey law, the court admitted the note. Neither then nor later did the plaintiff offer evidence to prove alteration before execution except as the general trend of its evidence indicated lax conduct by the defendant, first in the manner of making the note, then in acknowledging his indebtedness on it, and finally in denying his indebtedness, all of which the jury, as the verdict shows, resolved against him. On the other hand, the defendant by his own testimony and that of another denied alteration before execution or after execution with his assent. Evidently the jury did not believe this testimony. So we have two questions: First, was the note properly admitted in evidence; and second, if it was, did the court, on the claimed lack of evidence for the plaintiff showing alteration before execution and in the presence of evidence for the defendant tending to show alteration after execution, err in refusing to direct a verdict on this note in the defendant's favor?

[3-6] Though the Negotiable Instrument Acts of Pennsylvania and New Jersey seemingly are identical, this case, as between the law of those two states, is governed by the law of New Jersey as the courts of that state have construed its own Act, and where they have not construed the Act, it is governed by the general law of that state on the subject. About that law—which is just the opposite of the law of Pennsylvania—there is no doubt. Beginning long ago with Cumberland Bank v. Hall, 6 N. J. Law, 215, passing through Den v. Wright, 7 N. J. Law, 175, 11 Am. Dec. 546, and Hunt v. Gray, 35 N. J. Law, 227, 10 Am. Rep. 232, and running to Hoey v. Jarman, 39 N. J. Law, 523, and Jones v. Crowley, 57 N. J. Law, 222, 30 A. 871, New Jersey courts have uniformly declared that whether an alteration in a promissory note or other instrument was made after or before execution is a question for the jury. The subject was discussed at length by Chief Justice Beasley in Hunt v. Gray, supra, where the court held that when an alteration exhibits itself on the face of an instrument, whether under seal or otherwise, there can be no judicial presumption, founded on inspection, that the change was made after the execution of the paper; and that such altered paper is, on the plaintiff's offer, admissible in evidence without explanation, and thereafter the onus is on the defendant to establish its alteration subsequent to execution. This was

a decision by the Supreme Court of New Jersey, not by the Court of Errors and Appeals. That court, however, though not the highest court of the state, is, in the estimation of the Supreme Court of the United States, as shown in Erie R. R. Co. v. Hilt, 247 U. S. 97, 100, 38 S. Ct. 435, 62 L. Ed. 1003, of such standing as to compel the courts of the United States to follow its pronouncements. This being true, we must hold that, as no rule of general commercial law of which national courts will take cognizance and exercise independent judgments had been pressed, Bank v. Liewer, 187 F. 16, 18, 109 C. C. A. 70; Rankin v. Tygard, 198 F. 795, 804, 119 C. C. A. 591, the learned trial court, when it followed the New Jersey rule, committed no error in admitting the note in evidence. Nor do we think it erred when, later, it refused the defendant's motion for a directed verdict in his favor on his evidence of alteration after execution and on the claimed lack of evidence for the plaintiff showing alteration before execution, for the instrument having been validly admitted in evidence stood with the full force of an unaltered instrument until, under New Jersey law, the defendant proved alteration subsequent to execution, which in this instance he did not do to the satisfaction of the jury—the sole tribunal qualified to accept, weigh and reject the evidence and pass on the question.

The second assignment of error calling for discussion relates to the circumstance that on the close of the testimony each party moved the court to instruct a verdict in his favor and the court, declining both motions, submitted the case to the jury on what it regarded—and what actually were—sharply controverted issues of fact. These were issues in respect to consideration for the first two notes and in respect to their execution and payment by the defendant, and payment and alteration of the third note. In this action of the court the defendant charges error under authority of Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654, and Williams v. Vreeland, 250 U. S. 295, 39 S. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038, and on his interpretation of those two decisions that joint motions for binding instructions impose a mandate upon the court to withdraw issues of fact from the jury and decide them itself and when this is done and the court directs the jury to render a verdict for one party or the other, both are concluded by the findings made, if there is any evidence to sustain them. [7] The latter part of this proposition is old law; the former part is new and is a step beyond anything contained in the many cases which, in our research, have come to our notice. All the cases which have followed the law of the Beuttell and Williams Cases (collated in 3 Rose's Notes on United States Reports, 556, and 5 Id. 1156, and later ones found in 25 Shepard's United States Citations, 31, 50) are cases where, responding to motions for directed verdicts made by both parties, courts have directed verdicts for one or the other. Such a request, joined in by both parties, the Supreme Court in the Beuttell Case said is "not equivalent to a submission of the case to the court, without the intervention of a jury, within the intendment of Rev. Stat. §§ 649, 700 [Comp. St. §§ 1587, 1668]," under which provisions, when complied with by the parties, the court, quite obviously, must take the case. Continuing, the Supreme Court said: "As, however, both parties asked the court to instruct a verdict, both affirmed that there was no disputed question of fact which could operate to deflect or control the question of law. This was necessarily a request that the court find the facts, and the parties are, therefore, concluded by the finding made by the court, upon which the resulting instruction of law was given." Citing the Beuttell Case, the same court in the Williams Case said: "Where both parties request a peremptory instruction and do nothing more they thereby assume the facts to be undisputed and, in effect, submit to the trial judge the determination of the inferences proper to be drawn therefrom." Sampliner v. Motion Picture Patents Co., 254 U. S. 233, 239, 41 S. Ct. 79, 65 L. Ed. 240. But the trial court is not compelled to accept the assumption of the parties that the facts are not in dispute. On the contrary, when it finds the facts openly in dispute, it may submit them to the jury for decision. Any other view of the court's right and duty would enable the parties, after trying their case in part to the jury, to shift and then try it to the court without complying with the provisions of the Revised Statutes, §§ 649, 700, enacted as the orderly method of doing that thing.

We have found no error committed by the trial court in refusing both motions for directed verdicts, and no error in submitting the case if there was enough evidence, properly admitted, to sustain a verdict for either party. The evidence admitted was, in our opinion, ample. Whether some of it was improperly admitted is the question raised in varied forms by the remaining assignments of error. These we have carefully reviewed

under the pleadings and in connection with related evidence and have failed to find any ruling distinctly erroneous. One or two were technically close yet wholly without preju-dice. Following the tendency of modern ap-pellate courts, we are inclined to enlarge the sphere of trial courts in the exclusion and ad-mission of testimony and are disinclined to disturb their judgments for error on rulings unless error is clearly shown to be prejudi-cial.

The judgment below is affirmed.