## In re BERLIN.
### No. 22047.

District Court, E. D. Pennsylvania.

March 9, 1944.

Albert H. Friedman, of Philadelphia, Pa., for petitioner.

Harry Fischer (of Illoway & Fischer), of Philadelphia, Pa., for trustee.

BARD, District Judge.

This matter arises upon a certificate for review of an order of a referee in bankruptcy denying a petition by the claimant seeking to establish against the trustee in bankruptcy a lien on an automobile truck owned by the bankrupt.

The facts are clearly stated in the opinion of the referee as follows:

"The bankrupt was the owner of a Dodge truck. The truck was financed, in part, by the Atlantic Finance Corporation. The Commonwealth of Pennsylvania, Department of Revenue, had issued to Nilreb Products (being the same as Nilreb Manufacturing Company) a certificate of title. Thereon was noted—

" 'The motor vehicle described herein is subject to the following encumbrances. Favor of Atlantic Finance Corporation, 1401 Brown Street, Philadelphia, Pa.— amount $300.00.'

"Irving Berlin, a brother of the bankrupt, had made sundry loans to the bankrupt during the latter part of his business operation. Early in April, 1942, the bankrupt requested from him an additional loan. To this request, according to the testimony of the bankrupt, as well as of the claimant, the claimant replied that he would make him a loan upon security. According to this same testimony it was thereupon agreed that the security should be the aforesaid truck. Irving Berlin then advanced to the bankrupt $500.00. He has produced a check in said amount, dated April 2nd, 1942, payable to the Nilreb Manufacturing Company and deposited by it in its bank account. The check was paid. The security agreed upon not having been delivered, the bankrupt admitted to the claimant that the aforesaid loan from the Atlantic Finance Corporation was still out-

standing, that he did not have the money to pay off the said loan and that, if the security was to be delivered, the claimant would have to pay the amount owing. The claimant thereupon paid the Atlantic Finance Corporation, at its office, the sum of $240.60 in cash. It does not appear that there was any assignment of the Finance Company's claim to the claimant. However, on April 16, 1942 four documents, offered in evidence, were filed with the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Motor Vehicles. They were as follows:

"1. An assignment of the truck by Nilreb Products, Daniel Berlin, Prop., to Irving Berlin, the claimant. Thereupon it was noted that there was no encumbrance on the car.

"2. An application by Irving Berlin for a certificate of title.

"3. Reassignment of the car by Irving Berlin to Nilreb Products. Therein was noted the fact that no encumbrance lay against the car.

"4. An application for certificate of title by Nilreb Products. Thereon was noted an encumbrance of $700.00 in favor of Irving Berlin.

"There is also in evidence the 'certificate of title to a motor vehicle' issued in favor of Nilreb Products. This certificate further reads as follows:

" 'Commonwealth of Pennsylvania
" 'Department of Revenue
" 'The Motor Vehicle described hereon is subject to the following encumbrances. Favor of          Amount $700.00.
" 'Irving Berlin
" '6035 Boulevard East
" 'W. New York, New Jersey
" 'I, the undersigned, Secretary of Revenue of the Commonwealth of Pennsylvania, do hereby certify pursuant to the provisions of the Act of May 1, 1929, P.L. 905, as amended [75 P.S. § 1 et seq.] that an application has been made to me as prescribed by said act for a Certificate of Title to a motor vehicle described hereon. I do further certify that I have used reasonable diligence in ascertaining whether or not the facts in said application for a Certificate of Title are true, and that I am satisfied that the applicant is the lawful owner of the above described motor vehicle or is otherwise entitled to have the same registered in his name.

" 'Wherefore, I do hereby certify that the above named applicant has been duly registered in the office of the Pennsylvania Department of Revenue, as the lawful owner of the above described motor vehicle and that it appears upon the official records of said office that at the time of the issuance of this Certificate, said motor vehicle is subject to the encumbrances herein before enumerated, if any.

" 'Witness my hand and seal of office.
" '(Seal)      Walter J. Kress
        " 'Acting Secretary of Revenue'

"No delivery of the truck was ever made by the bankrupt to the claimant; and at the time of the bankruptcy it was in the possession of the bankrupt."

The principal contention of the claimant is that under these facts a lien on the truck for $700 was created in his favor and that this lien is valid against the trustee in bankruptcy. Claimant concedes that prior to the 1939 amendment of the Motor Vehicle Code by the Pennsylvania Legislature, a pledge of personal property as security for a debt, unaccompanied by a transfer of possession, although valid between the parties, did not, under Pennsylvania law, create a lien enforceable against creditors of the pledgor. Claimant's contention, however, is that the law on this question has been changed by the Act of June 27, 1939, P.L. 1135, 75 P.S. § 33, amending § 203(b) of the Motor Vehicle Code. This section reads in part as follows, the second sentence having been added by the 1939 amendment:

"Where there are no liens or encumbrances upon the motor vehicle, trailer, or semi-trailer, the certificate of title shall be delivered to the owner, but otherwise the certificate of title shall be delivered to the person holding the first lien or encumbrance upon said motor vehicle, trailer, or semi-trailer, and be retained by such person until the entire amount of such first lien or encumbrance is fully paid by the owner of said motor vehicle, trailer, or semi-trailer. The certificate of title, when issued by the secretary showing a lien or encumbrance, shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle, trailer, or semi-trailer exists, and failure to transfer possession of the vehicle, trailer, or semi-trailer shall not invalidate said lien or encumbrance."

In rejecting claimant's petition, the referee held that the facts recited above wholly failed to establish a bailment of the truck, and that if the "lien" which the parties sought to create were in the nature of a chattel mortgage, it would be invalid as to creditors despite the above amendment to the Motor Vehicle Code.

■ It is clear that under the facts of this case no bailment of the truck was intended or created between the claimant and the bankrupt, and no further consideration need be given to this question.

■ On the question whether the 1939 amendment to the Motor Vehicle Code does not afford protection against the creditors of the owner of a motor vehicle to one who has a lien thereon, valid as between him and the owner, and has had such lien noted on the title certificate, further consideration must be given. On principle, there is much to be said for the claimant's argument. This question was most thoroughly analyzed in a well reasoned opinion by Judge Maris, then a district judge, in Re Fell, D.C., 16 F.Supp. 987, with respect to a 1933 amendment to Section 208 of the Pennsylvania Motor Vehicle Act, 75 P.S. § 38, which amendment was substantially identical to the 1939 amendment to Section 203(b) of the Act set forth above. After pointing out that, under Pennsylvania law, a pledge is valid against a purchaser from or an execution creditor of the pledgor, even where the pledgee did not take possession of the pledged article, provided that the purchaser or creditor has notice of the pledge, Judge Maris concluded that the notation of the pledgee's lien on the certificate of title was such notice to the trustee in bankruptcy, who stood in the position of an execution creditor, as made it unnecessary for the pledgee to take possession.

■ At that time there were no reported decisions by the State Courts of Pennsylvania interpreting this amendment. Thereafter, however, the Pennsylvania Superior Court, in the case of Kaufmann & Baer v. Monroe Motor Line, 124 Pa.Super. 27, 187 A. 296, construed Section 208 of the Pennsylvania Motor Vehicle Code to be applicable to certificates of title issued only after there had been a change in ownership of the vehicle in question by operation of law and judicial sale and not to certificates of title generally. Following this decision the Circuit Court of Appeals for the Third Circuit, in an opinion by Judge Maris, now a member of that court, held that the construction of the Motor Vehicle Code by the Pennsylvania Courts was binding on the federal courts sitting in Pennsylvania, and that a pledge of a motor vehicle, unaccompanied by change of possession, was not, under this amendment, valid against creditors, even though a lien had been noted on the certificate of title. Taplinger v. Northwestern National Bank, 101 F.2d 274.

■ The 1939 amendment to Section 203(b) of the Pennsylvania Motor Vehicle Code, however, is not limited to certificates issued after a change in ownership of the vehicle by operation of law, but appears to apply to all certificates of title to motor vehicles. In the absence of a contrary construction by the Pennsylvania courts, therefore, my inclination would be to follow the reasoning in the Fell case, that notice on the certificate of title would be sufficient to render a pledge of a motor vehicle valid between the parties effective as against creditors of the pledgor. It does not appear that this amendment has been construed by the appellate courts of Pennsylvania having state wide jurisdiction, but it has been construed and passed upon in two decisions of the Common Pleas Courts of Pennsylvania. I have some doubt from the decisions whether Common Pleas Courts, without state wide jurisdiction, speak for the State in expressing the law of the State, and consequently whether a federal court is bound to follow their decisions in deciding a state question. Decisions of Common Pleas Courts determining the law of the state, however, are persuasive and may properly be followed by this Court in the absence of other pronouncements as to the state law. Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; Charmley Drug Shop v. Guerlain, 3 Cir., 113 F.2d 247; North Philadelphia Trust Co. v. Smith, 3 Cir., 13 F.2d 585.

In Personal Finance Co. v. Cohen, 43 Pa.Dist. & Co. R. 215, the Common Pleas Court of Washington County held that the 1939 amendment to Section 203(b) of the Pennsylvania Motor Vehicle Code was not intended by the Legislature to validate as against creditors a chattel mortgage of a truck, created in another state and valid between the parties, even though the encumbrance was duly noted on the certificate of title. The same result was reached by the Common Pleas Court of Erie County in

Morse v. Phillips, 44 Pa.Dist. & Co. R. 146, in which it was indicated that the 1939 amendment was meaningless as drafted in view of the prior law in Pennsylvania with respect to liens without a change of possession.

Since there appears to be no decision to the contrary by the Pennsylvania Courts,[1] the law of Pennsylvania, since the 1939 amendment to the Motor Vehicle Code, still appears to be that a lien on a motor vehicle, valid between the parties, is invalid as to creditors where there has been no change of possession, and it is immaterial that a notation of such lien has been made on the certificate of title. Accordingly, that construction of the Pennsylvania law is accepted. In view of the Kaufmann decision and the language used by the Superior Court in the opinion of Ambler Nat. Bank v. Maryland Credit Fin. Co., 147 Pa.Super. 496, 24 A.2d 123, I am inclined to believe that the Pennsylvania Superior Court would arrive at a similar result in interpreting the 1939 amendment to § 203(b) as it did in its interpretation of § 208 in the Kaufmann case.

Claimant further challenges the correctness of the order of the referee denying his alternative prayer to be subrogated to the rights of the Atlantic Finance Corporation. Atlantic Finance Corporation was a bailment lessor of the truck and apparently had permitted a certificate of title to be issued to the bankrupt showing an encumbrance in its favor. In order to get this encumbrance removed from the certificate of title and to obtain a new certificate of title showing an encumbrance in his own name in the amount of money he advanced to the bankrupt, claimant paid off the balance due Atlantic. The referee denied the claimant the right to subrogation, however, on the ground that he merely paid off the amount due Atlantic and did not take an assignment of such rights as it had under the bailment lease.

I think there is considerable merit to claimant's contention that the right to subrogation depends on equitable principles rather than on contract or formal assignment, but on the record before me the evidence offered by claimant fails to establish that a lien existed in favor of Atlantic which was valid against the creditors of the bankrupt in whose name the truck was registered. Therefore, even if claimant were subrogated to such lien as Atlantic may have had, his claim to enforce that lien against the truck or its proceeds must fall.

The order of the referee is affirmed.

---

[1] The only contrary indication by the Pennsylvania courts that has come to my notice appears in the unreported opinion of Judge Flood in Atlantic Finance Corp. v. Kester, C.P. 6 of Philadelphia County, December Term, 1937, No. 3095, in which it was held that the 1939 amendment was inapplicable to a bailment since the lessor had title rather than a lien. In the course of its opinion the court then stated: "If we had before us a chattel mortgage, it might be that this court would not agree with the two opinions [those in the Personal Finance Co. and Morse cases] just quoted, since a chattel mortgage is a lien."