## WYATT v. CITY OF MIAMI BEACH.
### Civil Action No. 1440–M.

District Court, S. D. Florida,
Miami Division.

July 25, 1946.

Lon A. Wyatt, of Jackson, Miss., in pro. per.

Ben Shepard, City Atty., of Miami, Fla., for defendant.

HOLLAND, District Judge.

Lon A. Wyatt, plaintiff, filed his complaint against the City of Miami Beach, a municipal corporation, on March 21, 1946. Plaintiff alleges that he is a citizen of the State of Mississippi, and the defendant a Florida municipal corporation, and that the matter in controversy, exclusive of interest and costs, exceeds $3,000. The plaintiff claims that the defendant's enforcing of a certain zoning ordinance, alleged by plaintiff to be void, violates the plaintiff's rights under the Fourteenth Amendment to the United States Constitution. In addition to the alleged invalidity of the said zoning ordinance, the plaintiff claims that the defendant by imposing as conditions precedent to his obtaining a license to engage in a lawful business violated the plaintiff's rights under the Fourteenth Amendment to the United States Constitution by requiring that the plaintiff be finger-printed and photographed, and by requiring that the plaintiff submit a personal financial statement.

A motion to dismiss, because the complaint fails to state a claim upon which relief can be granted, and because the amount actually in controversy is less than the jurisdictional amount, has been denied.

During the time extended for answering the complaint, the defendant has filed its motion asking that the Court set aside its previous order denying the defendant's motion to dismiss, and that the Court thereupon enter an order dismissing the complaint on the ground that as a result of a judicial decision of the Circuit Court of Dade County, Florida, which has now become final, the complaint fails to state a claim against the defendant upon which relief can be granted. A copy of the order of Circuit Judge Ross Williams of the Eleventh Judicial Circuit of Florida in and for Dade County is attached, from which it is made to appear that the said Circuit Court of Dade County, Florida, has ruled upon the precise question involved in this case, to-wit, the validity of the municipal ordinance in question, sustaining the validity of the said municipal ordinance. On July 22, 1946, the Court was attended by counsel for both parties, and after hearing their argument, took the matter under advisement.

The defendant contends that under the case of Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109,

that the Federal District Court is required to follow the local law as determined by the Circuit Court of Dade County, Florida, and that nothing remains but for the Court to dismiss the complaint. Article V of the Constitution of the State of Florida deals with the Judicial Department. A number of Circuit Judges are provided for under Sections 8, 42, 43 and 45. In the Fidelity Trust Case, supra, the State law of New Jersey was declared in a chancery court of New Jersey. Under Article 6, Section 4, Paragraph 1, of the Constitution of New Jersey, N.J.S.A., it is provided that "the court of chancery shall consist of a chancellor." In Cassatt v. First National Bank of West New York, 1931, 153 A. 377, 9 N.J.Misc. 222, it was held that the court of chancery is a court of State wide jurisdiction, and as such is "in" every county and municipality of the State. This distinction with reference to the organization of the two State courts, that of New Jersey and Florida, respectively, is significant. This distinction is quite manifest when the following two decisions are reviewed: In re Berlin, a District Court decision of March 9, 1944, 54 F.Supp. 416, and the same case when before the Circuit Court of Appeals for the Third Circuit, reported in 147 F.2d 491. In the District Court decision the District Judge remarked that he has some doubt whether the Common Pleas Courts in the State of Pennsylvania, which were without State wide jurisdiction, spoke for the State in expressing the law of the State, and consequently whether a Federal Court is bound to follow their decisions in deciding a State question. He observed further that such decisions were however persuasive and may properly be followed by the Federal Court in the absence of other pronouncements as to the State law. He then proceeded to follow the State court decision as being persuasive. The Court of Appeals reversed and remanded, and refused by the reversal opinion to be governed by the decisions of the Common Pleas Court.

The defendant here does not ask the Federal Court to dismiss the complaint on the ground of the validity of the ordinance as such, but solely because one of the Circuit Judges has so found. I cannot follow this reasoning, and the motion of the defendant is denied.

Inasmuch as the plaintiff is acting as his own counsel, and resides in the State of Mississippi, I now deal with the practical phase of the merits of this case being further considered. It would appear that the defendant should answer, and at the argument counsel agreed that only questions of law would be presented by the answer. Should the answer when filed present only a question of law, it would appear that counsel could well agree to submit the question of law on brief, and this course is suggested.

The defendant will be allowed 20 days from this date within which to file answer.