MARY G. RUSSELL, APPELLEE, V. ESTATE OF JOHN A. CLOSE ET AL., APPELLANTS.

FILED JUNE 7, 1907.   No. 14,836.

Witnesses: COMPETENCY. In an action against the representative of a deceased person, founded on an alleged contract between the plaintiff and the deceased, where the execution and delivery of a contract is denied, the plaintiff is an incompetent witness to prove the fact of delivery.

APPEAL from the district court for Dodge county: CON-RAD HOLLENBECK, JUDGE. *Reversed.*

*George L. Loomis* and *H. C. Maynard,* for appellants.

*J. C. Cook* and *Stinson & Martin, contra.*

JACKSON, C.

The plaintiff had judgment in an action against the representative of a deceased person. One cause of action was founded on a written promise of the deceased to pay the plaintiff $1,000, or leave that sum to be paid to her at his death for services rendered as housekeeper, companion and nurse. The execution and delivery of this instrument were put in issue by objections to the allowance of the claim. The trial was to a jury. The foundation for the introduction of the instrument in evidence was through the testimony of the plaintiff, who was permitted, over the objection of the defendant, to testify that the signature was that of the deceased person and that the document

had been in her possession since its execution. The admission of this evidence is assigned as error.

It is provided by section 329 of the code: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation, or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the party having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation." Construing this provision of the code, it was held in *Kroh v. Heins,* 48 Neb. 691, that the word "transactions" as there employed embraces every variety of affairs which form the subject of negotiations or actions between the parties. It is possible that the testimony of the plaintiff that the contract was in the handwriting of the deceased might be held to be evidence of an independent fact, which any one acquainted with the handwriting could testify to, but the rule could not be extended to permit the plaintiff to prove delivery by her own evidence, and the objection to her testimony for the purpose of proving delivery should have been sustained.

For the error of the trial court in admitting the testimony of the plaintiff to prove the delivery of the contract by the deceased, we recommend that the judgment be reversed and the cause remanded.

AMES, C., concurs.

CALKINS, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.