OHIO NATIONAL BANK, APPELLANT, V. GILL BROTHERS ET AL., APPELLEES.

FILED JANUARY 5, 1910. No. 15,873.

1. Notes: ACTION: BURDEN OF PROOF. In an action on a promissory note declared upon in the usual form, the answer being a general denial, the burden of proof is on the plaintiff to show the execution and delivery of the instrument sued on, and evidence

in defense tending to show a material alteration of the note after its execution and delivery does not shift the burden of proof to the defendant.

2. **Appeal:** Conflicting Evidence. A verdict of the jury in an action at law rendered on conflicting evidence will not be set aside by a reviewing court.

Appeal from the district court for Holt county: William H. Westover, Judge. *Affirmed.*

*R. R. Dickson,* for appellant.

*R. M. Johnson* and *M. F. Harrington, contra.*

Barnes, J.

The plaintiff, who is the appellant here, commenced this action in the district court for Holt county to recover a balance due upon a negotiable promissory note, executed and delivered on the 8th day of July, 1903, by the defendants to McLaughlin Brothers, for the sum of $1,000, with interest at 6 per cent. per annum, payable on the 1st day of July, 1905. The petition is in the usual form, and alleges that the plaintiff purchased the note in due course of business, before due, for a valuable consideration, and without notice of any defense thereto, and was at the time of the commencement of this action the owner and holder thereof. All of the defendants except Gill Brothers answered plaintiff's petition by way of a general denial. The answer of the Gill Brothers, in addition to a general denial, alleged that proceedings in bankruptcy were pending against them in the district court of the United States for the district of Nebraska. There was a proper reply, and upon the issues thus joined a trial was had to a jury. There was a verdict and judgment for the defendants, and plaintiff has appealed.

It appears that to maintain the issues on its part the plaintiff introduced the deposition of Robert McLaughlin, a member of the firm of McLaughlin Brothers, the payee named in the note. He testified that the note was given

to him for McLaughlin Brothers, by the defendants, in part payment for a horse which he sold to the defendants at the time of its execution; that he saw each and all of the defendants sign the note in suit, and that it was then in the same condition as it is now. The plaintiff also showed, by competent evidence, that it purchased the note several months before it became due and paid the sum of $1,028.39 to the McLaughlin Brothers therefor, in the usual and ordinary course of business and without notice that any defense could be made thereto. Thereupon the note was introduced in evidence, which appears regular upon its face and bears no evidence of having been changed or altered in any respect. Evidence was also produced showing that no part of the note had been paid, except the sum of $66.66, which appears to have been paid by one John Higgins, and that the amount due from the defendants to the plaintiff was $933.34, with interest thereon from July 1, 1905. The plaintiff thereupon rested its case. and the defendants thereafter, to maintain the issues on their part, testified, in substance, that at the time they signed the note the words "or order" had been stricken out in some manner, either with a pencil or pen and ink, or otherwise, so that the note they executed and delivered was nonnegotiable, and that, if the note in suit was the one they signed, it had been altered and materially changed, in that the words "or order" now appear therein. Two of the witnesses testified that they never signed the note, but the others admitted their signatures, and relied for their defense upon the fact that it had been altered and materially changed, as above stated.

With the evidence in this condition, the district court instructed the jury as follows: "3. The jury are instructed that plaintiff sues these defendants to recover upon a promissory note, which he alleges they signed, and which the plaintiff alleges was in the following language, words and figures at the time defendants signed it, to wit: '$1,000. Stuart, Neb., July 8, 1903. On July 1, 1905, after date, for value received, we jointly and sev-

erally promise to pay to McLaughlin Bros., or order, one thousand dollars, at the Stuart Bank, of Stuart, Neb., with interest at 6 per cent. per annum, payable annually. Gill Bros., Charles Vollmer, Joe Verzal, E. Jacobs, Pling Kingsbury, J. F. Root, J. O. Root, A. L. Thomson, C. B. Parrish, Calvin Allyn, Louis Brodie, P. H. Mulford.' The jury are instructed that the burden of proof is on the plaintiff to prove that the note which they signed contained the words and language above stated. The plaintiff must prove by a preponderance of the evidence that at the time the defendants signed and delivered the three notes, which they say they signed, the words 'or order' were actually therein, and had not been marked out. (Plaintiff excepts.)   W. H. Westover, Judge."

It is contended that the court erred in giving this instruction; that while, under certain circumstances, such an instruction might be proper, yet, in view of the evidence and the issue as made by the pleadings in this case, it was reversible error to so instruct the jury. No objection was made to the introduction of the testimony of the defendants that the note in suit had been changed or altered, as not being admissible under a general denial, and we have held that such evidence may be received under that issue, as we shall presently see. It is true that in *McClintock v. State Bank*, 52 Neb. 130, it was said: "Where the defense to a suit on a promissory note is that the same had been materially altered after its execution and delivery, the note itself not disclosing any evidence of such alteration, the burden of proof is upon the party alleging such alteration to establish the same by a preponderance of the evidence." It appears, however, that the defendant in that case, by his answer, assumed the burden of proof by alleging a material alteration of the note as an affirmative defense. In *Colby v. Foxworthy*, 80 Neb. 239, defendant also assumed the burden of proof by alleging a material alteration of the instrument, so those cases do not sustain the plaintiff's contention. On

49

the other hand, the rule announced in 8 Cyc. 202, is that under a general denial proof of alteration after delivery is admissible. In *Gandy v. Estate of Bissell*, 72 Neb. 356, we held that a fraudulent alteration of the note sued upon may be shown under the general issue. In *Walton Plow Co. v. Campbell*, 35 Neb. 173, which was an action to foreclose a real estate mortgage, and the petition alleged the execution and delivery of the note, to secure which the mortgage was given, and set out a copy of the note, it was held that evidence showing the note had been materially altered after its execution was admissible under an answer denying each and every material allegation contained in the petition. Keeping in mind the rule that the form of the pleadings ordinarily determines which party has the burden of proof, we are constrained to hold that, under the issues in the case at bar, the instruction complained of is not open to the objection urged against it and does not warrant us in setting aside the verdict.

It is also contended that the verdict is not sustained by the evidence. On the question of the material alteration of the note the evidence is conflicting, and whatever our opinion may be as to the merits of controversy, we cannot, without violating a long-established and well-settled rule of this court, disturb the verdict of the jury.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.