CHARLES CROSIER *vs.* KATE L. CROSIER.

Berkshire.    September 29, 1913. — October 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Husband and Wife.   Bills and Notes.   Trust.*

In an action against a widow on a promissory note signed by her during her husband's lifetime, there was evidence that when the note was made the defendant's husband had children by a former wife and that there was property in the defendant's hands which equitably belonged to her husband and which upon his death should form a part of his estate, that, in order to make sure that the children by the former wife should share in this property, the defendant at the request of her husband made the note sued upon payable to the plaintiff, who was her husband's brother and who agreed to act as trustee for such children, and delivered the note to her husband to be kept by him as the agent of the plaintiff, as such trustee. *Held,* that on these facts it could be found that there was a good delivery of the note to the payee and that it was given for a valid consideration.

CONTRACT on a promissory note dated July 29, 1907, for $1,800 payable to the plaintiff on demand without interest, signed by the defendant when she was the wife of Reuben Crosier, who died in 1911 at the age of seventy-eight years. Writ dated May 21, 1912.

In the Superior Court the case was tried before *Crosby,* J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. The plaintiff is not entitled to recover in this case.

"2. If the jury find that the note declared on in this case was executed and delivered by the defendant to her husband, Reuben Crosier, said note was a null and void note.

"3. If the jury find that the present holder of said note when he took the same knew that said note had been executed and delivered by the maker to her husband, Reuben Crosier, then said note in his hands was null and void.

"4. There was no consideration for said note in the hands of the original parties.

"5. If the jury find that the note was executed and delivered by the defendant to her husband for money claimed by the husband to belong to him, said note was null and void in the hands of said husband, and if after two years the note was transferred by the husband to his son Watson said note still remained null and void and no action can be maintained thereon."

The judge refused to make the rulings requested and gave the jury other instructions on the subjects referred to in the requests.

The judge's charge included the following instructions:

"If the defendant, Mrs. Crosier, executed and delivered the note, the proceeds to be paid to the children of Reuben Crosier at his death as their share of his estate, then there was a valid consideration for the note."

"If the jury find that it was agreed by the defendant and her husband that a note for $1,800 should be given by her to the plaintiff for the benefit of Reuben Crosier's children at his death as their share of their father's estate, and that when said agreement was made that Reuben Crosier was of sound mind, then the defendant is liable on said note if it was delivered to and held by Reuben Crosier for Charles Crosier, the payee, with his knowledge and consent."

"If you find that she didn't have any property in her hands that belonged to him, and that this note was never given or intended by her to be a valid note, and you find that at the time it was given that her husband was of unsound mind, and you find that it was never delivered to Charles Crosier or to anybody representing him, and there was no consideration for it, then if you find that the plaintiff has failed to prove any of these things, either delivery to Charles Crosier or to anybody acting for him, or that the note was without consideration, then the plaintiff is not entitled to recover, unless you find that she agreed to give this note and allow $1,800 to the children of Reuben Crosier regardless of the question whether she had any funds of his in her possession or not."

The jury returned a verdict for the plaintiff in the sum of $1,897.80; and the defendant alleged exceptions to the refusal of the rulings requested and to the portions of the judge's charge which are quoted above.

The case was submitted on briefs.

*J. F. Noxon & M. L. Eisner,* for the defendant.

*C. P. Niles, J. W. Lewis & F. M. Myers,* for the plaintiff.

HAMMOND, J. At the trial the signature of the defendant to the note was admitted. There was evidence from which the jury might have found that the note thus signed was delivered by the defendant to her husband to be kept by him as the agent of the payee, the plaintiff, her husband's brother, and all this with the knowledge and consent of the plaintiff. This was a good delivery to the payee. From the time of such delivery the note belonged to Charles.

Upon the question of consideration it appeared that the plaintiff gave nothing for the note, but there was evidence that there was property in the hands of the defendant belonging in justice and equity to her husband and which in case of his decease should be regarded as a part of his estate and be distributed as such; that the husband was willing that she should hold the property until his decease, but wanted to be sure that, to the amount of $1,800 at least, it should go to his children in certain definite shares named by him; that the defendant, intending to accede to his wishes and for the purpose of securing to his children by his former wife this amount, executed this note to the plaintiff for the benefit of the husband's children, that the plaintiff consented to act as trustee for the children, and that in pursuance of that arrangement the note was executed and delivered as above stated. Upon such findings there was a consideration for the note.

There was evidence therefore of the execution and delivery of the note and of a valid consideration.

The questions of the amount of the consideration and of the mental capacity of the husband were left to the jury upon instructions full, correct and illuminating. We see no error in the action of the court.

*Exceptions overruled.*