GUS TESKE, APPELLANT, V. CARL BAUMGART, APPELLEE.

FILED MARCH 4, 1916. No. 18573.

Bills and Notes: ACTION: DEFENSE OF ALTERATION: BURDEN OF PROOF.
    The rule must be considered settled in this state that, in an ac-
    tion upon a promissory note, which is regular upon its face, the
    burden of establishing a defense that the instrument had been
    fraudulently altered by the holder thereof after its execution and
    delivery is upon the defendant; and the fact that such a defense
    may be shown under the general issue does not change the rule.
    *Ohio Nat. Bank v. Gill Bros.*, 85 Neb. 718, in so far as it conflicts
    herewith, is overruled.

APPEAL from the district court for Platte county:
GEORGE H. THOMAS, JUDGE. *Reversed.*

*A. M. Post,* for appellant.

*Reeder & Lightner* and *R. P. Drake, contra.*

FAWCETT, J.

Action on a promissory note. Judgment for defendant.
Plaintiff appeals.

The first three assignments of error may be considered
together. Under these assignments it is contended that
the court erred in giving instructions 3 and 5 on its own
motion, thereby imposing upon plaintiff the burden of
proof as to a claimed alteration of the note in suit.

The original note for $1,620 was introduced in evidence
and is before us. It bears no evidence whatever upon its
face of any alteration either before or after its execution.
The petition is in the usual form. The answer is a gen-
eral denial, followed by lengthy allegations of affirmative
matters pleaded as set-off. No further attention need be
paid to this branch of the case, as judgment went against
the defendant on his set-off, and he has not appealed.

On the trial plaintiff called defendant to the witness
stand for the purpose of proving the execution of the note.
During the examination defendant made the following

admission in the record: "The defendant admits that the signature attached to exhibit 1 is his genuine signature, but does not admit the remainder of the instrument." Plaintiff had possession of the note and produced it at the trial. This was *prima facie* evidence of delivery and ownership. *Gandy v. Estate of Bissell*, 72 Neb. 356. This, together with the admission of the execution of the note, made a complete case for plaintiff in chief, and he rested. It is now contended that the general denial in the answer cast upon plaintiff the burden of proving that the note in suit is the identical note, in form, date and amount, that was signed by the defendant. If this contention is sound, defendant was entitled to a directed verdict when plaintiff rested. No such motion was made, but, on the contrary, defendant proceeded to develop his defenses, the principal of which was that the note in suit was not given on the day of its date, nor until the 30th day of October following, at which time, he testified, he had a settlement with plaintiff, at which the balance due plaintiff was ascertained to be $620; that he looked at the figures on the note when he signed it, and the figures were "six and two and naught, and the two little naughts;" that he was unable to read the written portion of the note at that time, as he cannot read English. He also testified that this was done in plaintiff's house, and that no one was present at the time. In this he is directly contradicted by plaintiff and his wife, who both testify that they were present when the note in suit was signed. It will be seen, therefore, that defendant recognized the fact that plaintiff had made out a case, and that the burden was upon him to prove that the note, which he had executed and delivered, and which was regular upon its face, had been materially altered after its execution and delivery. There are cases to be found which hold that this defense cannot be shown under a general denial; but the law in this state is the other way. In *Gandy v. Estate of Bissell*, *supra*, we held that a fraudulent alteration of a note might be shown under the general issue. The fact that

such a defense may be shown under the general issue does not, however, change the rule that in making such defense, where the note is regular upon its face, the burden is upon the defendant.

This is the rule announced in *McClintock v. State Bank,* 52 Neb. 130, *Colby v. Foxworthy,* 80 Neb. 239, *Anderson v. Chicago & N. W. R. Co.,* 88 Neb. 430, and *Musser v. Musser,* 92 Neb. 387. This rule has never been departed from in this state, except in *Ohio Nat. Bank v. Gill Bros.,* 85 Neb. 718, which is strongly relied upon by defendant upon this appeal. In that case the action was upon a promissory note, and the answer a general denial. We there forsook the beaten path, and held that the burden was upon the plaintiff to show the execution and delivery of the instrument sued on, and that evidence in defense tending to show a material alteration of the note after its execution and delivery does not shift the burden of proof to the defendant. It is evident that we in that case had more in mind the doctrine of the shifting of the burden in a civil action; the rule in this state being settled that in a civil action the burden never shifts. That rule is not in conflict with the rule that, in an action upon a promissory note, which is regular upon its face, plaintiff's case is complete when he proves the execution of the note, has it in his possession, and produces it at the trial. The defense of fraudulent alteration of such note is an affirmative defense, and, like all such defenses, must be established by the one who asserts it, by a preponderance of the evidence.

In an able opinion in *Anderson v. Chicago & N. W. R. Co., supra,* written by the same member of the court who wrote the opinion in *Ohio Nat. Bank v. Gill Bros. supra,* we returned to "the beaten path." In that action plaintiff sought to recover damages from the railroad company for unlawful discrimination in failing to furnish certain cars for the shipment of cattle from Cody, Nebraska, to South Omaha. In its answer defendant alleged that the

only order for cars for the shipment of cattle made by plaintiff was on October 14, 1907, at which time plaintiff made and signed an order on the book kept by defendant company at Cody, in accordance with the provisions of section 10555, Ann. St. 1909. To this answer plaintiff replied by general denial. On the trial he admitted that he had signed the order. In the opinion (p. 434) it is said: "The record discloses that the written order in question bears upon its face no evidence of any change or alteration whatsoever; and, the plaintiff having admitted that he signed it, the burden of proving that it had been changed or altered after he had appended his signature thereto was upon him according to the well-settled rule which has been adopted in this state"—citing *McClintock v. State Bank* and *Colby v. Foxworthy, supra,* and *Dorsey v. Conrad,* 49 Neb. 443.

It is unnecessary to set out instructions 3 and 5 complained of. It is sufficient to say that they placed the burden upon the plaintiff of satisfying the jury by a preponderance of the evidence that the note in suit "is the identical note executed by the defendant on the 19th day of July, 1911, and that it was then a note for $1,620." This was error for which the judgment must be, and is,

REVERSED.