BESSIE CRAVER ET AL., APPELLANTS, V. THOMAS B. MC-PHERSON, APPELLEE.

FILED JULY 15, 1921. No. 21449.

Bills and Notes: SUFFICIENCY OF PETITION. The petition, the substance of which is set out in the opinion, *held* to state a cause of action.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Morsman, Maxwell & Haggart,* for appellants.

*Baker & Ready, contra.*

Heard before MORRISSEY, C.J., DAY, DEAN and LETTON, JJ.

DAY, J.

This action is based upon a promissory note given by defendant to one Kate McGinness, together with a cotemporaneous memorandum signed by the payee. The case was called for trial, a jury impaneled, a witness sworn, whereupon defendant objected to the introduction of any testimony, for the reason that the petition did not state a cause of action. The objection was sustained, and the case dismissed. The plaintiff appeals.

The only question presented by the record is the sufficiency of the petition to state a cause of action. The objection of the defendant to the introduction of any testimony upon the ground that the petition failed to state a cause of action is equivalent to a demurrer to the petition and must be tested by the same rules. The petition is in the usual form, and such portions only will be set out as appear to be necessary to understand the precise question presented by the defendant's objection.

It is alleged that on November 27, 1908, the defendant executed and delivered to Kate McGinness his promissory note as follows:

"$37,000.        Omaha, Neb., November 27, 1908.

"One year after date, for value received I promise to pay to the order of Mrs. Kate McGinness, at the Union Stock Yards National Bank, South Omaha, Nebraska, thirty-seven thousand dollars, with interest at the rate of 6 per cent. per annum from date until paid.

                                        "Thos. B. McPherson."

At the time of the execution of the note, and as a part of the same transaction, Kate McGinness executed and delivered to the defendant a writing, which was accepted by the defendant, as follows:

                    "Omaha, Nebraska, Nov. 27, 1908.

"Whereas, Thos. B. McPherson has acted as agent for many years for my late husband, Daniel McGinness, and after his death for me, in the loaning of certain money for us and in our behalf;

"Whereas, he is now holding for me notes as hereinafter described;

"Whereas, he has executed his own note of even date herewith for thirty-seven thousand dollars ($37,000) payable to me, pledging as collateral the notes above referred to, to wit:

"Walker Manufacturing Co., $18,171.98 and int. due Nov. 14th, 1909.

"A. A. Spaugh, $9,386.16 and int. due Dec. 7th, 1909.

"Prime and Tower, $12,000 and int. due Jan. 26th, 1912

"Whereas, the note for thirty-seven thousand dollars is really not his personal obligation and is only given to protect me from loss upon the notes he has taken for my account:

"Now, therefore, in consideration of the premises, I hereby agree to hold his note for thirty-seven thousand dollars, and not to transfer or dispose of it without his consent in writing.

"I further agree that the collateral notes referred to

shall be held by him; and he is hereby empowered to collect, renew or extend them, and to substitute for them other collateral at his discretion.

"I also agree to exhaust my collateral, whatever it may be, before demanding payment from him of any part of this obligation, or attempting to collect any part of his personal note, unless there should be a loss in the collateral referred to, in which case he shall be liable for such deficiency.

"Provided, however, that he shall pay me, annually, interest at the rate of six per cent. upon the whole or such part of the principal as may be unpaid from time to time.

"Witness my hand day and date first above written.

"(Signed)  Kate McGinness."

The petition further alleges in detail the death of Kate McGinness on December 10, 1910, and the administration of her estate establishing that the plaintiffs herein are the residuary legatees under her will. Other facts are alleged showing the right of the plaintiffs herein to institute the suit. It is alleged that interest had been paid by the defendant up to November 27, 1911; that $12,000 on the principal of the note was paid January 27, 1912; that the said payment of $12,000 was the proceeds of the collateral note of Prime and Tower; that on November 27, 1908, the defendant substituted as collateral security the note of one W. J. McLaughlin, payable to the order of the defendant, in place and stead of the note of the Walker Manufacturing Company for $18,171.98, and the note of A. A. Spaugh for $9,386.16, and that the Walker Manufacturing Company and A. A. Spaugh notes were thereupon taken by the defendant as his personal property. The petition further alleges that suit was brought by the executor of Kate McGinness against W. J. McLaughlin upon the note above described, and judgment was duly rendered thereon on November 30, 1915, for the sum of $37,894.12; that execution was duly issued upon the judgment, and that the same was returned wholly unsatisfied; that no part of the judgment has been col-

lected, and that McLaughlin is insolvent. The petition further alleges that the defendant has been absent from the state of Nebraska for more than three years immediately preceding the commencement of this suit; that there is due and owing the plaintiffs from the defendant on the $37,000 note the sum of $25,000 with interest at 6 per cent. per annum from November 27, 1911, for which, together with costs of suit, the plaintiffs pray judgment.

It is argued on behalf of the defendant that there is no consideration to support his promise. We find ourselves unable to assent to this proposition. Without entering into an extended analysis of the petition, it seems clear that there was a detriment, or disadvantage, or forbearance, or suspension of a right on the part of Mrs. McGinness in permitting the defendant to continue to hold the collateral which he was holding on her account, and in permitting him to collect, renew or extend such collateral, and to substitute other collateral therefor at his discretion. In taking the $37,000 note she suspended at least for one year her right to call in the securities held for her by the defendant, and in agreeing to hold the $37,000 note and not to dispose of it without the defendant's consent. It also appears that there was a benefit and advantage to the defendant in being permitted to hold the collateral, and to collect, renew and extend the same, and to appropriate to his own use all interest accruing thereon in excess of the 6 per cent. which he was to pay to Mrs. McGinness.

In our view, the petition states a cause of action, and the district court was in error in dismissing the case.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED.