JOHN GASPER, APPELLANT, V. SECURITY STATE BANK ET
AL., APPELLEES.

FILED DECEMBER 30, 1922.   No. 22165.

1. **Bills and Notes:** DELIVERY OF CHECK: PRESUMPTION. By our
negotiable instruments law (Comp. St. 1922, sec. 4627), where it
appears that the maker of a check has surrendered possession
of it, a valid and intentional delivery of the check will be pre-
sumed, until the contrary is shown.

2. ———: ———: PLEADING. An allegation in a petition that the
maker of a check delivered the check to a certain person, re-
questing him to deliver it to the payee, and that such person
did not deliver it to the payee, does not affirmatively show that
there has been no legal delivery of the check necessary to com-
plete its execution, where the petition does not disclose the rela-
tion of such person to the parties to the check, or does not show
whether or not the maker had surrendered complete control
over it.

3. ———: ———: ASSIGNMENT OF FUND. A delivery of a check
by the maker does not constitute an assignment of the fund in
the drawee bank's hands, covered by the check, until there has
been an acceptance of the check by the bank.

4. ———: CHECKS: ACCEPTANCE. Under our negotiable instru-
ments law (Comp. St. 1922, sec. 4742), requiring acceptances to
be in writing, an unauthorized payment of a check by the
drawee bank on a forged indorsement will not constitute an
acceptance.

5. ———: ———: ———: CERTIFICATION. Where a check is
procured to be certified by the drawee bank by a person other
than the maker, legal holder or payee thereof, and without the
knowledge, consent or ratification of any of them, such certifi-
cation will not constitute an acceptance, nor work an assign-
ment of the bank's funds held to the maker's account.

6. ———: ———: CERTIFICATION: PLEADING. An allegation in
a petition that the certification was made "at the request of
some person other than" the maker, legal holder or payee is
not broad enough to negative the fact that it was done with
their knowledge and consent.

APPEAL from the district court for Douglas county:
L. B. DAY, JUDGE.  *Affirmed.*

*William M. Burton,* for appellant.

*James E. Bednar, Morsman, Maxwell & Haggart, Brogan, Ellick & Raymond, John O. Yeiser* and *Ernest A. Conaway, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY and FLANSBURG, JJ., REDICK, District Judge.

FLANSBURG, J.

This was an action by plaintiff, maker of a check, to recover from the Security State Bank, the drawee of the check, the amount of the deposit covered by the check, the plaintiff claiming that the check had not been fully executed because of a want of delivery to the payee, and that a third party had received payment on the check from defendant bank upon the forged indorsement of the payee's name. The defendant demurred to the plaintiff's petition, and the plaintiff having elected to stand upon the petition, the trial court entered a judgment on the pleadings in favor of the defendant. The plaintiff appeals.

Two causes of action are set forth in the petition, but, as both are determined by the identical state of facts, it is necessary to discuss one of them only.

By the first cause of action the plaintiff sets forth that on June 1, 1920, he signed a check, drawn on the defendant Security State Bank, for $500, payable to one W. R. McGrew, and that on the same day he "delivered said check to defendant Ernest A. Conaway, with the request that said Ernest A. Conaway deliver the same to said W. R. McGrew, payee," but that said Conaway did not deliver the check to W. R. McGrew, but, on the contrary and without authority of McGrew, indorsed McGrew's name upon the check and obtained the money thereon. The check, afterwards, having passed through the hands of several holders, was finally paid by the defendant Security State Bank. The petition further states that on the same day with the execution of the check, June 1,

1920, "at the request of some person other than himself (the plaintiff), the payee or *bona fide* holder, and 'before the said check had been indorsed by any persons, the defendant Security State Bank certified the check as follows, to wit: 'Certified June 1, 1920, J. S. Kramolisch, Teller. Good when property indorsed, June 1, 1920, Security State Bank, J. S. Kramolisch, Paying Teller.'"

Mr. Conaway has filed a brief in the case, arguing, as justification for his indorsing the name of Mr. McGrew and procuring the proceeds of the check, that he was a successor in trust of Mr. McGrew and made the indorsement as such successor, but no such allegations of fact are set forth in the petition, and we therefore cannot consider them.

The plaintiff contends that the allegations of his petition affirmatively show that there never was a legal delivery of the check, since it is set forth that the plaintiff, after signing the check, delivered it to Conaway, with the request that Conaway deliver it to McGrew, that Conaway did not carry out the order, and that McGrew never, in fact, received the check nor its proceeds.

The fact of delivery resolves itself very largely into a question of intention. The petition does not disclose what relation Mr. Conaway sustained to any of the parties to the check. It may have been that he was an agent or employee of the plaintiff and a person over whom the plaintiff had control, and that the delivery to him was not an intentional and final parting with the control over the check, such as would constitute a delivery in law to McGrew. *Barry v. Mutual Life Ins. Co.*, 211 Mass. 306; 8 C. J. 209, sec. 338. On the other hand, it may have been that Mr. Conaway had been sent to the plaintiff by Mr. McGrew for the purpose of receiving the check, or it may have been that he was a third person, acting as a known intermediary between the parties, and that the delivery to him was a surrender of the possession of the check by the plaintiff, with the intention of making a total and complete legal delivery of it. *Palmer v. Mc-*

*Farlane,* 78 Neb. 788; *Richardson v. Lincoln,* 5 Met. (Mass.) 201; *In re Estate of Rule,* 178 Ia. 184; *Lawrence v. Scurry,* 187 Ia. 1055; *Crosier v. Crosier,* 215 Mass. 535; *Dunlap v. Marnell,* 95 Neb. 535; 8 C. J. 209, sec. 338; 8 C. J. 203, sec. 334. Facts which would show that Mr. Conaway's relation was such that a delivery of possession to him would not constitute a legal delivery to McGrew should have been disclosed by the petition if the plaintiff desired to show affirmatively that there was not a complete execution of the check for want of legal delivery. The negotiable instruments law (Comp. St. 1922, sec. 4627) provides that, "where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed, until the contrary is proved." As against the demurrer, therefore, the legal delivery of the check, on the facts set forth in the petition, will be presumed.

The plaintiff contends, however, that the delivery of the check, standing alone, does not, without an acceptance of it in some form by the bank, work an assignment of the fund, and that, until there is a proper acceptance, the plaintiff is entitled to recover the fund from the bank. Comp. St. 1922, sec. 4799.

We believe it is the rule, and it seems to be conceded by defendant's counsel, that the drawee bank cannot change the contract of the parties to a check, or affect their liabilities, without the knowledge and consent of some party to the check, either the maker, holder or payee, and that, where a check is certified at the instance of a person having no authority from any one of these, the certification will not constitute an acceptance so as to change the relation of the parties and work an assignment of the bank's funds (*State Bank of Chicago v. Mid-City Trust & Savings Bank,* 295 Ill. 599, 12 A. L. R. 989); nor, under the negotiable instruments law, requiring an acceptance to be in writing (Comp. St. 1922, sec. 4742), will the unauthorized payment by the bank on a forged indorsement constitute an acceptance

(*Southern Trust Co. v. American Bank of Commerce & Trust Co.,* 148 Ark. 283, 14 A. L. R. 761, and see cases in note, 14 A. L. R. 766).

It is the defendant's contention that the petition does not sufficiently allege that the certifcation was made without any authorization on the part of the maker, payee or *bona fide* holder.

The allegation in the petition, as set out above, goes only to the extent of declaring that the defendant bank certified the check *"at the request* of some person other than" the payee, maker or *bona fide* holder. This allegation has reference only to the person who actually presented the check and made the request for its certification. It does not affirmatively allege that this was done without the knowledge or consent or authorization of the maker, holder or payee. The plaintiff has elected to stand upon the strict wording of his petition. Its allegations are to be construed strictly against him. The court can indulge in no presumptions in his favor which do not, as a matter of law, spring from the facts pleaded. Those things which are material and which are omitted will not be presumed to exist. *Chicago, R. I. & P. R. Co. v. Shepherd,* 39 Neb. 523; *Cheney v. Dunlap,* 27 Neb. 401; *Burlington & M. R. R. Co. v. York County,* 7 Neb. 487. Where a defendant in a suit on a promissory note denies that he executed the note, it is held that he must go further and deny that the instrument was signed or executed by his authority. 8 C. J. 928, sec. 1212. The same principle of pleading applies here. Where the plaintiff strictly limits his denial of facts, he is in no position to contend that his denial was broader than his statement.

The petition, we believe, was vulnerable to the demurrer, for the reason that it does not affirmatively disclose either an absence of delivery or an absence of an acceptance of the check by the Security State Bank.

The judgment of the lower court is therefore

AFFIRMED.