IN RE ESTATE OF ROBERT A. TYNAN.
JENNIE WOOD, APPELLEE, v. DELLA H. TYNAN ET AL., APPELLANTS.

7 N. W. (2d) 628

FILED JANUARY 6, 1943. No. 31484.

*Jean B. Cain,* for appellants.

*Archibald J. Weaver, Armstrong & McKnight* and *Lowell E. Hahn,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This is an action upon a negotiable promissory note in writing presented as a claim against the estate of Robert A. Tynan, deceased. From the judgment entered in the county court of Richardson county, an appeal was taken to the district court for that county wherein issues were joined by formal pleadings.

Claimant's petition sets forth a cause of action upon a promissory note dated March 16, 1939. A copy of the instrument sued on is made a part of the petition. J. F. Weddle, Effie M. Weddle, and R. A. Tynan appear thereon as makers of this note, which plaintiff alleges was made, executed and delivered, and by the terms whereof each of the makers "as principals, promise to pay to the order of Jennie Wood * * * Five Thousand and no/100 dollars," etc.; for which amount with interest as stated therein claimant prays judgment.

To this petition Della H. Tynan, Robert A. Tynan, Catherine T. Nutter, and Eugene H. Tynan, contestants and appellants herein, as representatives of Robert A. Tynan, deceased, for their answer to the petition on appeal of Jennie Wood, claimant and appellee herein, "deny each and every statement, allegation and averment in said petition contained, except they admit the execution of said note."

The contestants further allege: "That on March 2, 1925, J. F. Weddle, Effie M. Weddle, and R. A. Tynan gave Jennie G. Wood their certain promissory note for the principal sum of $6,000, a copy of which is hereto attached, marked exhibit 'A,' and made a part hereof; that the time of payment of the debt represented by said note was from time to time extended, but it was at all times the same debt." And further, "That said R. A. Tynan received no benefit or consideration directly or indirectly by way of any such transactions." Also, "That such original note and any extensions thereof, as were signed by said R. A. Tynan, were

signed by him as surety only." It was also alleged by these contestants that such note was secured by a real estate mortgage, and a copy of such mortgage is attached to contestants' answer. Further, "That on March 16, 1935, said J. F. Weddle and Effie M. Weddle, his wife, conveyed said mortgaged premises to said Jennie G. Wood in payment of said debt." Such answer concludes with the allegation, "That said note is outlawed, has been paid, is without consideration, and said R. A. Tynan (deceased) at the time of his death was not indebted to said Jennie Wood."

Claimant filed a reply consisting of a general denial.

On these pleadings there was a trial to a jury, at the conclusion of which, on motion of Jennie G. Wood, the court directed the jury to return a verdict for claimant in the sum of $5,710 with interest at 5 per cent. from date, and such verdict was returned, and judgment was entered thereon. From the order of the trial court overruling their motion for a new trial, the contestants appeal.

It thus appears that the defenses relied upon by contestants are, substantially, two: (1) Want of consideration; (2) payment.

The instrument in suit is a negotiable promissory note. By statute, "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." Comp. St. 1929, sec. 62-201.

"Value," as that term is here employed, is defined by statute as "any consideration sufficient to support a simple contract. An antecedent or preexisting debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time." Comp. St. 1929, sec. 62-202.

"Usually, there is a sufficient consideration if there is any benefit, profit, or advantage to the promisor, or any loss, detriment, or inconvenience to the promisee." 10 C. J. S. 601, sec. 148.

See, also, *Craver v. McPherson*, 106 Neb. 568, 184 N. W.

71; *United States Fidelity & Guaranty Co. v. Curry,* 126 Neb. 705, 254 N. W. 430; *Crawford State Bank v. McEwen,* 132 Neb. 399, 272 N. W. 226.

It appears uncontradicted in the record that at the time of the note and mortgage transaction of 1925, R A. Tynan was a banker (on which fact Jennie G. Wood relied), who assisted her not only in the initial transaction but in subsequent extensions and renewals of the promissory note thus delivered. It cannot be gainsaid that at the time of the making of this first note on March 2, 1925, Jennie G. Wood drew her check for $6,000 which amount Weddle testifies was applied on his indebtedness then existing. The necessary implication which arises from the circumstances disclosed by the evidence is that the business necessary to effect this credit of $6,000 on the indebtedness of J. F. Weddle was transacted by R. A. Tynan after the $6,000 check had been delivered by Jennie G. Wood. It is to be noted that expressly referring to the note of March 2, 1925, contestants' answer admits the "execution of said note." As that term, "execution," is employed in contestants' pleading, it is properly defined as follows: "By 'execution' is meant both the signing and the delivery of the bill or the note. The mere signing does not constitute 'execution.'" 8 C. J. 43.

In the light of the uncontradicted facts, it is clear, assuming that Tynan executed the first original note of $6,000 as surety only, that the contemporaneous receipt of the benefit of the $6,000 check by J. F. Weddle afforded ample consideration to support his liability. There is no evidence that Tynan signed this original obligation after it had been delivered or after the $6,000 check had been received by the party entitled thereto. Even on the basis of fact as contended for by contestants, the applicable rule would be:

"Generally, the undertaking of a person signing, or becoming a party to, a negotiable instrument after its execution and delivery must be supported by some new or additional consideration, as the original consideration for the instrument is insufficient to sustain such an undertaking.

This rule applies, however, only when the transaction of which the bill or note forms a part has been completely executed or consummated prior to the addition of the new signature. The subsequent signature is regarded as being made at the same time as the note, so as to constitute a part of the same transaction, and be supported by the same consideration, where it is added pursuant to a prior agreement between the maker and payee which has been relied on by the latter, even though the person subsequently adding his signature does not know the terms of the principal contract." 10 C. J. S. 600, sec. 145.

The unexplained fact that the real estate mortgage bears date (Saturday) February 28, 1925, and the note issued thereon having been dated (Monday) March 2, 1925, affords no logical basis for the conclusion that R. A. Tynan signed the note after delivery on March 2, 1925. It also follows that subsequent renewals of this instrument would be supported by the consideration actually received for the note of March 2, 1925, and would not be vulnerable to the defense here attempted.

The form of the issues tendered by the answer of contestants suggests that contestants are precluded from relying upon the nonliability of Robert A. Tynan as a party to the original $6,000 note. For, not only did the contestants claim that Tynan was not originally legally bound by this note, but, in adddition, complete payment thereof was pleaded by them.

Without in any manner deciding the legal question thus suggested by this claim, we are quite of the opinion that the evidence in the record is wholly insufficient to support a finding of the payment of the obligation in suit. As part of the transaction in which the original note of $6,000 was executed on March 2, 1925, defendant John F. Weddle and his wife Effie M. Weddle, as security for the indebtedness evidenced by said note, executed a real estate mortgage bearing date February 28, 1925, and thereby mortgaged to Jennie G. Wood 160 acres of land described therein. It was expressly provided in said instrument that "This mortgage is

made subject in all respects to a former mortgage made to Slocum and Evans in the amount of Fourteen Thousand Dollars." This mortgage was recorded in book 55, at page 304, of the mortgage records of Richardson county, Nebraska. On March 16, 1935, John F. Weddle and his wife, Effie M. Weddle, "in consideration of the sum of One and no/100 Dollars," remised, released and quitclaimed the mortgaged premises to Jennie G. Wood. At this time the $14,000 first mortgage still remained in full force and effect, and there is no claim in the record that it had ever been satisfied in whole or in part. R. A. Tynan signed this quitclaim deed as a witness thereto. Contemporaneously, in 1935, with the execution of the quitclaim deed, a note of $5,000 payable to Jennie G. Wood was executed by Mr. and Mrs. Weddle and by R. A. Tynan. It will also be noted in this connection that the evidence is undisputed that this $5,000 note so given was annually renewed by all the makers thereof until the note in suit was given, which bears date of March 16, 1939. R. A. Tynan died after the making of the note in suit. It also appears that after the execution of the note of $5,000 by the Weddles and R. A. Tynan, on March 19, 1935, "in consideration of the payment of the debt named therein," at the request of R. A. Tynan, Jennie G. Wood, plaintiff, executed a release of the real estate mortgage securing the payment of the $6,000 note, recorded in book 55, page 304 of real estate mortgages, of the mortgage records of Richardson county. R. A. Tynan signed this release as a witness. John F. Weddle testifies to this transaction, in part, as follows:. "Q. Who asked you to sign this note, Mr. Weddle? A. Mr. Tynan. Q. Mr. Tynan asked you to sign all the papers in this case, did he not? A. Yes; he did. Q. As a matter of fact, you never did talk to Miss Wood about it? A. No. Q. And this debt was originally six thousand dollars? A. Yes. Q. But when this note was signed, it was signed in the sum of five thousand dollars? A. Yes. * * * Q. How many times did you renew this note after 1935? A. Well, I couldn't say; it was renewed every year up until 1939. Q. I see,—now

do you have any written instrument between you and Miss Wood stating this note was paid in 1935? A. No; I haven't."

The testimony of Jennie G. Wood is, in part: "Q. Now, in the year 1935, Miss Wood, you signed some papers, did you not,—deeds? A. Yes. Q. And where was those instruments signed, at your home or at the bank? A. At the bank. * * * Q. And when you arrived at the bank, was those papers already prepared? A. Yes, sir. * * * Q. Did you sign those papers at the request and upon the advice of Mr. Robert Tynan? A. Yes, sir. * * * Q. Did you receive payment of this six thousand dollars? A. No, sir, I didn't. Q. Now, after 1935, was you given a new note? A. Yes. Q. And the new note that you received was in what sum? A. Five thousand dollars."

Further, Jennie G. Wood testifies that the title to the land quitclaimed to her was in her name a short time, when it was sold and transferred, but that she "realized" nothing when she sold it, and the original loan has never been repaid to her.

The validity of this claim becomes indisputable when the course of business carried out by the parties, disclosed by the record before us, is considered as an entirety. The proof absolutely establishes that the loan of $6,000 was originally made by Jennie G. Wood, and the proceeds were disposed of by R. A. Tynan by applying the same upon an indebtedness of John F. Weddle. Therafter, as a renewal thereof, the land encumbered by a first and prior mortgage was quitclaimed to Jennie G. Wood and a $5,000 renewal note given her, in consideration of which she, three days later, executed a release of mortgage effective to release the $6,000 mortgage, but not effective to release or discharge the $5,000 note, of which, under the record in this case, the note in suit is a valid renewal, and which remains of unimpeachable validity as against all the makers thereof.

It follows that the judgment of the district court is, in all respects, correct, and it is affirmed.

AFFIRMED.