IN RE ESTATE OF WILLIAM M. THOMPSON, DECEASED. NELLE B. THOMPSON, APPELLEE, v. HAROLD M. DEVOE, AS EXECUTOR OF THE ESTATE OF WILLIAM M. THOMPSON, DECEASED, APPELLANT.

144 N. W. 2d 188

Filed July 22, 1966.   No. 36215.

Hastings & Wanek, for appellant.

Baskins, Baskins & Schneider, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

CARTER, J.

This is an appeal from a judgment of the district court for Keith County allowing the amounts due on two promissory notes payable to Nelle B. Thompson as valid claims against the estate of William M. Thompson, deceased.

Nelle B. Thompson, the claimant, is the widow of William M. Thompson. The latter died on July 24, 1962. The will of William M. Thompson was admitted to probate on September 13, 1962, and Harold M. DeVoe was appointed executor of the estate. Claimant filed two notes as claims against the estate of William M. Thompson, the first dated July 29, 1957, payable to claimant 1 year after date in the amount of $8,320 with interest at 4 percent per annum; and the second dated October 21, 1958, payable to claimant 1 year after date in the amount of $8,000 without interest. No payments were shown on the notes. The two notes were signed by the deceased, the signatures being admitted by the parties as those of William M. Thompson. The executor filed objections to both claims. The claims were disallowed in the county court and claimant appealed to the district court.

On the trial in the district court the only witness who testified was Nelle B. Thompson, the widow of William M. Thompson and the payee in the notes. All of her evidence was objected to as being incompetent under the dead man's statute, section 25-1202, R. R. S. 1943.

Nelle B. Thompson was permitted to testify substantially as follows: She is the widow of William M. Thompson, deceased. She saw the notes when they were made out in her home. She thinks she placed them in a joint lock box which she and her husband had in a bank in Brule, Nebraska. She found the notes in the joint lock

box in going through her papers after her husband's death. She took the notes from the lock box and delivered them to her attorney, who filed claims thereon in the county court. At the completion of claimant's testimony the notes were received in evidence. The notes have since been in the custody of the courts and appear in the bill of exceptions filed in this court.

It is the contention of the executor that the evidence of the widow of William M. Thompson is incompetent under section 25-1202, R. R. S. 1943. This statute provides in part: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness," subject to certain exceptions not pertinent to the instant case. The widow clearly had a direct legal interest in the result of the suit and is a person excluded by the statute as incompetent to testify to any transaction or conversation between the widow and her deceased husband. Kroh v. Heins, 48 Neb. 691, 67 N. W. 771; In re Estate of House, 145 Neb. 866, 18 N. W. 2d 500, 159 A. L. R. 401; Fincham v. Mueller, 166 Neb. 376, 89 N. W. 2d 137.

The evidence of the widow in the instant case was for the purpose of showing her possession of the notes at the time of the death of William M. Thompson, or that the notes were delivered to her in her lifetime. Such evidence on the part of a person having a direct legal interest in the result of a civil action is incompetent. Russell v. Estate of Close, 79 Neb. 318, 112 N. W. 559; In re Estate of Hoagland, 126 Neb. 377, 253 N. W. 416; In re Estate of Tynan, 142 Neb. 671, 7 N. W. 2d 628. The evidence of the widow at least infers a delivery of the notes to her and that she has lawful possession of the same. Any evidence by the widow which infers delivery or lawful possession of the notes is incompetent, it being a transaction with the deceased. The evidence is incom-

petent and the trial court was in error in admitting the same. Consequently, we have a record without direct evidence of the delivery of the notes to the widow in her lifetime, admittedly an essential element of the execution of a valid note. The issue then resolves itself into a question as to where the burden of proof lies.

In Gandy v. Estate of Bissell, 72 Neb. 356, 100 N. W. 803, this court said: "The plaintiff had possession of the note, produced it upon the trial and it was received in evidence. This made a prima facie case of due delivery of the note." In Dodd v. Kemnitz, 74 Neb. 634, 104 N. W. 1069, we said: "It is the claim of plaintiffs that their possession of the contract in suit, the defendant having voluntarily placed it in their possession, conclusively shows a delivery for all purposes. With that contention we do not agree. In Gandy v. Estate of Bissell, 72 Neb. 356, Mr. Justice Sedgwick, who delivered the opinion of the court, clearly demonstrates that the possession of a written agreement is prima facie evidence only of a delivery. This is in accord with the general rule. The delivery of a written instrument is one of intention, and to constitute a complete delivery thereof it must be made in a manner evincing an intention to part presently and unconditionally with all control over it, and thereby give it effect." In Gandy v. Estate of Bissell, 81 Neb. 102, 115 N. W. 571, the court reasserted the rule as shown by the syllabus as follows: "In a suit upon a promissory note, where the plaintiff has possession of the note, produces it upon the trial, and it is received in evidence, such facts make a prima facie case of due delivery of the note." In Bothell v. Miller, 87 Neb. 835, 128 N. W. 628. this court said: "But, even if plaintiff had interposed the objection that the testimony offered was not within the issues, the objection would not have been good, as this court is committed to the doctrine that in a suit of this character a general denial puts in issue every material averment of the petition, and the affirmative is upon the plaintiff to prove the making and delivery of

the identical instrument mentioned in the petition, and so continues to the close of the case." In Teske v. Baumgart, 99 Neb. 479, 156 N. W. 1044, it was said: "During the examination defendant made the following admission in the record: 'The defendant admits that the signature attached to exhibit 1 is his genuine signature, but does not admit the remainder of the instrument.' Plaintiff had possession of the note and produced it at the trial. This was prima facie evidence of delivery and ownership. Gandy v. Estate of Bissell, 72 Neb. 356. This, together with the admission of the execution of the note, made a complete case for plaintiff in chief, and he rested. It is now contended that the general denial in the answer cast upon plaintiff the burden of proving that the note in suit is the identical note, in form, date and amount, that was signed by the defendant. If this contention is sound, defendant was entitled to a directed verdict when plaintiff rested. * * * The fact that such a defense may be shown under the general issue does not, however, change the rule that in making such defense, where the note is regular upon its face, the burden is upon the defendant. * * * This rule has never been departed from in this state, except in Ohio Nat. Bank v. Gill Bros., 85 Neb. 718, which is strongly relied upon by defendant upon this appeal. In that case the action was upon a promissory note, and the answer a general denial. We there forsook the beaten path, and held that the burden was upon the plaintiff to show the execution and delivery of the instrument sued on, and that evidence in defense tending to show a material alteration of the note after its execution and delivery does not shift the burden of proof to the defendant. It is evident that we in that case had more in mind the doctrine of the shifting of the burden in a civil action; the rule in this state being settled that in a civil action the burden never shifts. That rule is not in conflict with the rule that, in an action upon a promissory note, which is regular upon its face, plaintiff's case is complete when

he proves the execution of the note, has it in his possession, and produces it at the trial. * * * In an able opinion in Anderson v. Chicago & N. W. R. Co., supra, written by the same member of the court who wrote the opinion in Ohio Nat. Bank v. Gill Bros. supra, we returned to 'the beaten path.' "

The foregoing appears to have been the rule in this state until the adoption of the Uniform Negotiable Instruments Law in 1905. In Gasper v. Security State Bank, 109 Neb. 495, 191 N. W. 654, this court said: "Facts which would show that Mr. Conaway's relation was such that a delivery of possession to him would not constitute a legal delivery to McGrew should have been disclosed by the petition if the plaintiff desired to show affirmatively that there was not a complete execution of the check for want of legal delivery. The negotiable instruments law (Comp. St. 1922, sec. 4627) provides that, 'where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed, until the contrary is proved.' As against the demurrer, therefore, the legal delivery of the check, on the facts set forth in the petition, will be presumed." In Caldwell v. Wells, 174 Neb. 288, 117 N. W. 2d 486, this court in an action involving a suit on a note said: "The lack of delivery of a promissory note is an affirmative defense." The burden of proving nondelivery of the notes in the instant case is on the executor.

It appears to be the contention of the executor that claimant's case must fail because of failure of proof of delivery of the notes. Under the rules discussed in this opinion, the production of the notes in court and the admission of deceased's signature thereon was sufficient foundation for their admission in evidence, and a holding that a prima facie case was made. The notes being negotiable instruments, delivery is presumed as to one not a signer of the notes. And finally, the lack of de-

livery is an affirmative defense not supported by evidence.

The executor contends that the evidence of Nelle B. Thompson shows that there was not a legal delivery of the notes and that such evidence supports his pleaded defense of no delivery of the notes. Even if the evidence was properly admitted, it is not subject to such a construction. The evidence as we view it indicates delivery and lawful possession rather than the contrary.

We necessarily conclude that the evidence was sufficient to sustain the judgment and that the trial court was correct in directing a verdict for the claimant.

AFFIRMED.